UNITED STATES v. LOUGHREY et al.

(Circuit Court, W. D. Michigan, N. D. August 22, 1890.)

JURISDICTION—ACCEPTANCE OF SERVICE.

    Acceptance of service, being merely equivalent to personal service in the district, does not prevent a defendant from moving to dismiss the suit because brought in a district in which he does not reside.

At Law.   On motion to dismiss.

*L. G. Palmer*, Dist. Atty., for the United States.

*Webster & Wheeler*, for defendants.

SEVERENS, J. In this cause a motion is made to dismiss upon the ground that the defendants are citizens and inhabitants of the state of Wisconsin. It appears that due service of process was accepted by the attorney for the defendants, within the district, by his indorsement to that effect upon the declaration, by which and a rule to plead the suit was originated. This was done to save the trouble and cost of personal service on the defendants, who were within the district, but wished to leave the state, and had actually left Marquette before the papers were ready for service. For convenience the acceptance of service was apparently understood as a substitute for personal service. It also appears that there was an oral agreement between the attorney for the United States and the attorney for defendants that it was a condition of the agreement thus to accept service that the cause should not be brought to trial at the next term of the court. By the third special common-law rule of the courts in the districts of Michigan it is provided that no private agreement between the parties or their attorneys respecting the proceedings in a cause shall be binding unless it be in writing. This rule would render null the oral agreement above referred to, and leave the matter in the same situation as if it had not been made. The question would then arise whether the acceptance of service would be equivalent to a submission to the jurisdiction of the court. Without such submission, the defendants could not be sued in this district, the suit not being one in which the jurisdiction is founded on the diverse citizenship of parties. Act Aug. 13, 1888, § 1. I am of opinion that the objection was one which could be waived by the defendants, the provision in the act referred to having regard only to the place where the suit should be brought and tried. Jurisdiction is given by a former provision in the same section. In the circumstances of this case I do not think the acceptance of service amounted to more than a personal service of process made in the common course. The waiver, to be binding, ought to be clearly manifested, and the court ought not to hold the defendants for trial here upon a strained construction of the action and conduct of the parties. If any forward step or valid stipulation looking to further proceedings had been made in the case the result would be different; but there having been none, my opinion is that the case must be dismissed.

The proper order must be entered accordingly.