**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Plaintiff,

v.

**Glenn Dean MAYBERRY, Defendant.**

**CAPITAL BANK, Intervening Defendant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Counter–Defendant.

No. CIV–1–91–404.

United States District Court,
E.D. Tennessee,
at Chattanooga.

March 13, 1992.

R.R. Ruth, Jr., Luther Anderson Cleary & Ruth, Chattanooga, Tenn., for plaintiff.

Joseph E. Willard, Jr., Rossville, Ga. and C. Donald Peppers, LaFayette, Ga., for defendant.

Robert L. Lockaby, Jr., Gearhiser, Peters & Horton, Chattanooga, Tenn., for intervenor.

## MEMORANDUM

EDGAR, District Judge.

Plaintiff United States Fidelity Insurance Company brought this action seeking a declaratory judgment that it is not obligated to pay a claim by defendant Glenn Dean Mayberry under an insurance policy issued by plaintiff on certain premises located in Rossville, Georgia. Plaintiff alleges that defendant caused or procured the explosion and fire that destroyed the structure and its contents. Plaintiff also alleges that defendant made certain misrepresentations in connection with the purchase of the policy and in the presentation of his claim, and that defendant failed to comply with certain policy provisions in connection with the filing of his claim.

Presently before the Court is defendant's motion to dismiss for improper venue. (Court File No. 7). For the reasons set forth below, the Court has concluded that venue is not proper in this district. However, rather than dismiss this action, the Court will TRANSFER this case to the

United States District Court for the Northern District of Georgia.

## DISCUSSION

### A. *Waiver.*

■ At the outset, the Court will address plaintiff's argument that, because defendant's counsel accepted service of process in this district, defendant waived any objection to venue in this district. Although this fact may establish personal jurisdiction, *see Burnham v. Superior Court of California*, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990), it does not constitute a waiver of defendant's right to object to venue in this district. *See United States v. Loughrey*, 43 F. 449 (C.C.W.D.Mich.1890) (acceptance of service by defendants' attorney in the district does not prevent a defendant from moving to dismiss because of improper venue); *Camp v. Gress*, 250 U.S. 308, 316, 39 S.Ct. 478, 481, 63 L.Ed. 997, 1002 (1919) (contention that defendant's right to object to venue was waived by the acknowledgment on the summons of service "is clearly unfounded."); *cf. Olberding v. Illinois Central R.R.*, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953) (although a nonresident motorist may subject himself to the jurisdiction of a state by using its highways, such use does not in itself constitute a waiver of his venue privilege under the statute).

### B. *Section 1391(a).*

Plaintiff brought this action pursuant to the Court's diversity jurisdiction. (Court File No. 1). Venue in diversity cases is governed by 28 U.S.C. § 1391(a), which provides as follows:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants

are subject to personal jurisdiction at the time the action is commenced.

In support of his motion, defendant submitted his affidavit in which he states that he is a resident of Walker County, Georgia; that the insured premises were located in Walker County, Georgia; and that the insurance policy was issued by an agent whose offices were located in Walker County, Georgia. (Court File No. 7). In light of the allegations in the complaint and the facts set forth in his affidavit, defendant argues that venue is not proper in this district under section 1391(a).

■ In response, plaintiff initially argues that considerations of convenience point to this Court as the appropriate venue for this action. However, the Court agrees with defendant that "convenience issues" relate to which district, among several *proper* districts, is the one in which a case should be heard. Such issues are not relevant to the threshold question of whether venue is proper in the district in which the action is originally brought.

■ Turning to the provisions of section 1391(a), plaintiff does not dispute that venue cannot be laid in this district under subsection (1) since defendant is not a resident of this district. Plaintiff does, however, argue that subsection (2) is met because the gas heater that was involved in the explosion was purchased in this district and because defendant contracted in this district for the installation of the gas heater. The Court disagrees. Plaintiff has not alleged that the explosion and fire resulted from a defect in the gas heater or from its installation. The Court cannot conclude that a substantial part of the events giving rise to plaintiff's claim occurred in this district.

As to subsection (3), the Court finds persuasive the following analysis from 15 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3802.1, at 4–5 (1991 Supp.) (footnotes omitted):

The third criterion for cases in which jurisdiction is founded only on diversity of citizenship allows venue to be laid in "a judicial district in which the defen-

dants are subject to personal jurisdiction at the time the action is commenced." This provision can only be described as curious. It seems to extend to all defendants in all diversity actions the piggybacking of venue on personal jurisdiction that Congress introduced with its 1988 amendment to § 1391(c) relating only to corporate defendants. Unlike the third option for federal-question cases, clause (3) for diversity cases is not limited to situations in which there is no other district in which the action may be brought.

On its face (a)(3) allows venue to be laid in any district in which the defendants are subject to personal jurisdiction. In multiple-defendant cases, this result may not be objectionable. If there is some district in which all the defendants are subject to personal jurisdiction, that probably is an appropriate forum. But (a)(3) makes no sense in cases in which there is only one defendant. If (a)(3) applies to those cases, then (a)(1) and (a)(2) are wholly superfluous. There will be no need to inquire where the defendant resides or where the claim arose if venue is always proper in any district in which defendant is subject to personal jurisdiction. And since (a)(3) has no limiting language, since unlike (b)(3) it is not made a fallback provision, the effect would be again to allow a broader choice of venue in diversity cases than in federal-question cases. This would restore the very anomaly that the Federal Courts Study Committee had hoped to end. The use of the plural "the defendants" in (a)(3) is interesting. It would be highly desirable if the use of the plural were thought enough to allow interpreting (a)(3) as applicable only in multiple-defendant cases. This would avoid the senseless results that application of (a)(3) to all diversity cases would produce.

The Court is aware that 1 U.S.C. § 1 provides that, in determining the meaning of any Act of Congress, "words importing the plural include the singular." However, this rule of construction does not apply if "the context indicates otherwise." *Id.* See *also United States v. Kennings,* 861 F.2d 381, 388 (3rd Cir.1988) (in construing a federal statute, the court "must remain mindful of the statute's object and policy and must read the disputed provision in the context of the entire statute."). Another relevant rule of statutory construction is that "[t]he process of interpretation also misses its high function if a strict reading of a law results in the emasculation or deletion of a provision which a less literal reading would preserve." *Markham v. Cabell,* 326 U.S. 404, 409, 66 S.Ct. 193, 195, 90 L.Ed. 165 (1945). See *also American Tobacco Co. v. Patterson,* 456 U.S. 63, 71, 102 S.Ct. 1534, 1538, 71 L.Ed.2d 748 (1982) (statutes should be interpreted to avoid unreasonable results whenever possible).

It is the Court's opinion that 28 U.S.C. § 1391(a)(3) must be read as applying only to those cases in which there are multiple defendants. As explained in the above-quoted passage from Wright & Miller, applying subsection (a)(3) to single-defendant cases would render subsections (a)(1) and (a)(2) superfluous and does not comport with a reasonable reading of the entire statute. Because "the context indicates otherwise," the Court believes that the use of the plural "the defendants" in subsection (a)(3) can not be read to include the singular.[1]

In the only case this Court has been able to find discussing this issue, it was also concluded that subsection (3) only applies in multiple defendant cases:

If subsection (3) were read to apply to an action with but one defendant, the other subsections would be plainly superfluous. But subsection (3) refers not to "a defendant" but to "the defendants," and the court reads it to apply only in multiple defendant cases. Such a reading is consistent with the literal meaning

---

1. Section 1391(a)(3) is the only instance in chapter 87 of Title 28 where Congress used the words "the defendants." See 15 Wright & Miller § 3802.1 n. 22 (1991 Supp.).

of the words used and renders neither of the other subsections superfluous. The court should strive to give effect to all provisions of a statute.

*Harrison Conference Services, Inc. v. Dolce Conference Services, Inc.,* 768 F.Supp. 405, 408 (E.D.N.Y.1991).

Since the present case does not involve multiple defendants, the Court finds that section 1391(a)(3) does not apply to this action.

Even if subsection (3) were applicable to this case, the Court could not conclude that defendant was subject to personal jurisdiction in this district at the time this action was commenced. The extent of *in personam* jurisdiction of a federal court sitting in a diversity case brought under 28 U.S.C. § 1332 is determined by the law of the forum state. *Third National Bank v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990). The Tennessee long-arm statute extends the jurisdiction of Tennessee courts to the full extent of due process. *Id.* Due process requires that in order for a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have sufficient minimum contacts with the forum state such that traditional notions of fair play and justice are not offended. *Burger King v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Plaintiff argues that defendant's purchase of the gas heater in Tennessee and his act of contracting in Tennessee for its installation represent minimum contacts in this forum sufficient to subject defendant to the personal jurisdiction of a Tennessee court. The Court disagrees. These contacts are not so continuous and systematic as to justify the exercise of "general" personal jurisdiction. *Burger King,* 471 U.S. at 472–73 n. 15, 105 S.Ct. at 2182 n. 15;

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). As noted before, plaintiff's cause of action does not arise from these contacts. Accordingly, this Court cannot exercise "specific" personal jurisdiction. *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968).

Finally, although not raised by plaintiff, the Court would note that at least one commentator, relying on *Burnham,*[2] has suggested that venue will "apparently" be proper under subsection (3) in a district in which the summons is served on the defendant while he is physically present in the district, even if only transiently. *See* David D. Siegle, *Commentary on 1990 Revision of Subdivisions (a), (b), and (e),* reprinted following 28 U.S.C.A. § 1391 (Supp.1991).

The Court does not believe that service of process within the district can satisfy subsection (3). The statute requires that the defendants be "subject" to personal jurisdiction in the district "at the time the action is commenced." Rule 3 of the *Federal Rules of Civil Procedure* provides that a civil action "is commenced by filing a complaint with the court." Under Rule 4, the summons is issued by the clerk "[u]pon the filing of the complaint." Thus, the action will always be "commenced" before process is served. It follows that service within the district does not conclusively establish that the defendant was subject to personal jurisdiction in the district at the time the action was commenced.

### C. *Section 1406.*

Having determined that venue does not lie in this district, the Court may either dismiss this action or transfer it "to any district in which it could have been brought." 28 U.S.C. § 1406(a). Finding a transfer, rather than a dismissal, to be in the interests of justice, the Court will

---

**2.** *See* discussion *supra* p. 903.

transfer this action to the Northern District of Georgia.[3]

---

3. Because defendant is a resident of the Northern District of Georgia, venue in that district is proper under 28 U.S.C. § 1391(a)(1). This action "could have been brought" in that district.