The CAROLINA CASUALTY COMPANY, Plaintiff,

v.

DATA BROADCASTING CORPORATION, Capital Management Sciences, Allan Tessler, Alan Hirschfield, James Kaplan, and Mark Imperiale, Defendants.

No. C01–1485VRW.

United States District Court, N.D. California.

July 26, 2001.

---

## ORDER

WALKER, District Judge.

Defendants move to dismiss this case or transfer it to the Central District of California pursuant to 28 USC § 1406(a), for improper venue. In the alternative, defendants move for transfer under § 1404(a), which provides for convenience transfers. The hearing scheduled for July 19, 2001, is vacated. See Civil LR 7–1(b). For the reasons that follow, the court concludes that the case should be transferred to the Central District for consolidation with a mirror image suit pending there.

### I

On April 2, 2001, a third party, Paul B Farrell, brought suit against defendants in the Los Angeles superior court, alleging breach of contract, breach of a fiduciary duty and fraud. The suit by Farrell arises out of a business arrangement between Farrell and defendant Data Broadcasting Corp (DBC). Farrell and DBC joined forces to create a web site providing information to mutual fund investors. Farrell and DBC were to be equal co-owners of the venture. DBC later partnered with CBS to form the investor web site MarketWatch.com. On January 15, 1999, MarketWatch.com, Inc, went public and was valued at $1 billion. Farrell did not receive any shares of the entity and brought suit. See Farrell Complaint, Campbell Decl, Exh B.

Plaintiff is the issuer of a directors and officers' liability insurance policy held by defendants. After the filing of Farrell's suit, defendants contacted plaintiff regarding coverage. Apparently, plaintiff and defendants could not come to agreement on all of the issues related to coverage. Consequently, defendants prepared to file a law suit in the Central District of California seeking declaratory relief related to costs of defense and coverage. Defendants also alleged breach of contract. On April 12, 2001, defendants provided plaintiff with a "courtesy copy" of its complaint before actually filing the complaint. On April 17, 2001, plaintiff filed its own declaratory relief action in this court. The next day, having lost the "race to the courthouse," defendants filed their suit in the Central District.

On June 4, 2001, defendants moved to dismiss for improper venue or to transfer the case to the Central District. By stipulation, the parties agreed to stay the case filed by defendants in the Central District pending a resolution by this court of defendants' motion to dismiss or to transfer venue.

### II

Defendants contend that venue in the Northern District is improper under 28 USC § 1391(a), which governs diversity cases. Section 1391(a) provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 USC § 1391(a). Plaintiff asserts that venue is proper under section 1391(a)(2) because a substantial part of the events or omissions giving rise to the case occurred in this district. In the alternative, plaintiff

appears to argue that venue is proper under section 1391(a)(3).

 In an insurance coverage action, to establish venue via section 1391(a)(2), a court looks to the underlying events for which coverage is sought. See *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F.Supp. 1073, 1077–78 (E.D.Tex.1997) (considering only underlying events); *United States Fidelity and Guaranty Co. v. Mayberry*, 789 F.Supp. 901, 903 (E.D.Tenn.1992) (same); *Britamco Underwriters, Inc. v. Raymond E. Wallace Special Productions, Inc.*, 56 F.Supp.2d 542, 544–45 (E.D.Pa.1999) (considering underlying event and suit, as well as actions related to issuance of the policy). Thus, the court considers the events giving rise to Farrell's complaint against defendants.

Defendants note that the agreement between defendants and Farrell was entered into in Los Angeles, Farrell's obligations under the contract were performed in Los Angeles and at least one additional meeting between Farrell and defendants occurred in Los Angeles. Plaintiff, on the other hand, points to DBC's presence in San Mateo, California, within this district. It appears that DBC's San Mateo office is the home of the MarketWatch.com web site. Additionally, plaintiff presents evidence that at least one meeting between Farrell and defendants occurred in San Mateo. See Morrow Decl, Exh C, Farrell Depo at 143:5–145:1.

It is not clear which party bears the burden of proving that a substantial part of the events occurred (or did not occur) in this district. Courts have gone both ways on the issue. See *Simon v. Ward*, 80 F.Supp.2d 464, 466–68 (E.D.Pa.2000). And the Ninth Circuit does not appear to have addressed it. See William W Schwarzer, A Wallace Tashima and James M Wagstaffe, *Federal Civil Procedure Before Trial* § 4:251 at 4–69 (Rutter Group Practice Guide, 2001). In light of this ambiguity, and because the court has concluded that defendant's motion to transfer must ultimately be granted, the court will place the burden of proof as to this issue on defendants.

With the burden so allocated, defendants cannot prevail on this portion of their motion. While this action might have a stronger connection to the Central District, the court concludes that a substantial part of the events and omissions giving rise to the suit occurred in this district. It is a close question. The contacts with this district highlighted by plaintiff are far from pervasive. The court agrees with defendants that the coverage negotiations between the law firms should not be considered. Nonetheless, the presence in this district of DBC and the MarketWatch.com web site, and the meeting that occurred in this district counsel against dismissal. Consequently, defendants' motion to dismiss or to transfer for improper venue is DENIED.

## A

 In the alternative, defendants move for transfer under 28 USC § 1404(a). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 USC § 1404(a).

There is no dispute that this action "might have been brought" in the Central District of California. A court in the Central District would have had subject matter jurisdiction over this diversity suit. Furthermore, there is no indication a Central District court would lack personal jurisdiction over any defendant. Venue in the Central District would have been proper because a "substantial part of the events or omissions giving rise to the claim

occurred" in that district. 28 USC § 1391(b)(2).

■ Because the case could have been filed in the Central District, the court considers the factors relevant to the transfer decision. The statute sets forth two specific factors to consider: the convenience of the parties and the convenience of the witnesses. The statute also asks the court to consider broadly "the interests of justice." Courts have developed lists of factors to consider in deciding whether to transfer venue. Presumably, these factors, to the extent they go beyond the convenience of the parties and witnesses, are relevant to the pursuit of the "interests of justice."

A judge in this district has recently put forward the following list of factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. See *Royal Queentex Enterprises Inc. v. Sara–Lee Corp.*, 2000 WL 246599 at *2 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). But this list does not exhaust the possibilities. Compare *Decker Coal Co.*, 805 F.2d at 843 to *Jones v. GNC Franchising Inc.*, 211 F.3d 495, 496–99 (9th Cir. 2000). Some courts do not even list the statutorily prescribed factors: the convenience of the parties and witnesses. See, e.g., *Jones*, 211 F.3d at 498–99. In any event, the court concludes that the list found in *Royal Queentex* comports with the text of section 1404(a) and Ninth Circuit precedent.

■ The burden of showing that transfer is appropriate is on the moving party, here defendants. William W Schwarzer, A Wallace Tashima and James M Wagstaffe,

*Federal Civil Procedure Before Trial* § 4:296 at 4–78 (Rutter Group Practice Guide, 2000) (hereinafter Schwarzer). The court now considers the factors.

### 1

■ The general rule is that a plaintiff's choice of forum is afforded substantial weight. *Decker*, 805 F.2d at 843; *Fabus Corp.*, 2001 WL 253185 at *1 (N.D.Cal. 2001). But, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Fabus*, 2001 WL 253185 at *1. If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference. *Royal Queentex Enterprises*, 2000 WL 246599 at *3.

Plaintiff is not a resident of this district. It is a Florida corporation with its principal place of business in Florida. As discussed above, however, plaintiff has shown that this district has some connection to the underlying dispute. For that reason, the court must give some deference to plaintiff's choice of forum.

### 2

The court next considers the convenience to the parties. Litigating this case in the Northern District is not obviously convenient for either party. Plaintiff is a Florida corporation and defendant DBC is a Delaware corporation with its principal place of business in Massachusetts. Defendant Kaplan appears to be the only party to this case who resides in California. Kaplan resides in Los Angeles. Of course, it is clear that DBC has a presence in this district. But it also appears that through Capital Management Sciences it has a presence in the Central District. Thus, from purely a geographic perspec-

tive, the Central District in slightly more convenient for the parties. The Central District is also more convenient for defendants because that is where the underlying Farrell case is being heard.

### 3

■ To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance. *Royal Queentex,* 2000 WL 246599 at *6. In their moving brief, defendants identified two witnesses: Paul Farrell and James Kaplan. Both would testify about "whether DBC's officers and directors were acting in their individual or corporate capacities when they allegedly entered into the purported contract and when they allegedly made certain representations." Def. Br. at 13. Kaplan and Farrell both reside in the Central District. Defendants also alluded to the possible testimony of other "officers, directors and employees of DBC who are assigned to the CMS division of DBC." Defendants, however, have not given enough detail for the court to consider these witnesses.

Plaintiff, in its brief and at oral argument, failed specifically to identify a single witness likely to testify who resides in the Northern District. Consequently, the convenience of the witnesses strongly favors transfer to the Central District.

### 4

The location of evidence appears to favor transfer of this case to the Central District. Documents and files related to the law suit brought by Farrell are all located in that district. Additionally, plaintiff has specified no evidence available in this district.

### 5

There is no reason to believe that a judge in the Central District will be more familiar with the applicable law than the judges of this district. This factor is neutral.

### 6

The possibility of consolidating this case with the case filed by defendants in the Central District slightly favors transfer. Defendants have filed an action for breach of contract and declaratory relief in the Central District. Plaintiff acknowledged that the Central District case raises the same issues as this case. Pl Br. at 6–7 (discussing the first-to-file rule). Thus, if this case is transferred, the two cases can be consolidated, thereby conserving judicial resources.

Plaintiff, had it chosen to address defendants' convenience transfer argument at all, might have argued that the cases should indeed be consolidated, but that they should be consolidated in this district. This is essentially plaintiff's position with respect to its first-to-file argument. Plaintiff made that argument, however, to the wrong judge. If plaintiff felt the first-to-file rule compelled dismissal of the Central District action (the second filed suit), plaintiff should have moved for dismissal before that court. Plaintiff's arguments to this court that the Central District action should be dismissed are unavailing.

Even if this court were to consider plaintiff's first-to-file argument, it is not clear plaintiff would prevail. Plaintiff's action is for declaratory relief and there is evidence it was filed preemptively to deprive defendants of their choice of forum for their coercive action alleging breach of contract (in addition to seeking declaratory relief). In this situation, it is not clear at all that the first-to-file rule requires dismissal of the Central District case. See *Alltrade, Inc. v. Uniweld Prods, Inc.,* 946 F.2d 622, 628 (9th Cir.1991); *Moore's Federal Practice* § 57.42[3] (3d ed.2000).

The possibility of consolidating this case with the case filed by defendants in the

Central District favors transfer of the case, Of course, if this case were kept here, it is possible the Central District case could be transferred to this district for consolidation. Thus this factor has only a small impact.

**7**

The Northern District and the Central District both have some interest in this controversy. But since more of the events leading up to this dispute occurred in the Central District, the court concludes that the interest in that district is greater than the interest in this district.

**8**

Neither side has presented any information about the comparative congestion of the dockets in the Northern and Central Districts. Thus, this factor favors neither party.

Considering all of the factors, the court concludes that defendants have met their burden of showing that a transfer is necessary for the convenience of the parties and witnesses and in the interests of justice. The court owes plaintiff's choice of forum some deference because a substantial part of the events giving rise to this suit occurred in this district. But defendants have shown that the convenience to the parties and witnesses, the location of evidence, the possibility of consolidation and the relative interests of the two districts favor transfer of this case to the Central District. Plaintiff has not shown that a single factor favors retention of the case in this district. Indeed, in its brief, plaintiff failed completely to address the motion for transfer under section 1404(a). At oral argument, plaintiff referred only vaguely to the equities favoring a denial of the convenience transfer motion. By contrast, defendants have affirmatively shown why transfer furthers the convenience of the parties and the interests of justice. Consequently, defendants have met their bur-

den of showing that a transfer is appropriate.

Defendants' motion to dismiss or transfer due to improper venue is a close call. If the burden of proof were on the plaintiff, defendants would likely prevail. But given the relatively straightforward outcome under section 1404, the court need not dwell further on the section 1406 motion.

Defendants' motion (Doc. ## 8 & 11) is GRANTED in part and DENIED in part. The motion to dismiss or transfer for improper venue is DENIED. The motion to transfer for convenience is GRANTED. This action is transferred to the Central District of California.

IT IS SO ORDERED.