**BRASPETRO OIL SERVICES COMPANY—BRASOIL,**
**et al, Plaintiff,**

v.

**MODEC (USA) INC, Defendant.**

No. CIV.A. H–06–0128.

United States District Court,
S.D. Texas,
Houston Division.

March 31, 2006.

Mark A. Nadeau, Kate E. Frenzinger, Scott T. Ashby, Squire Sanders and Dempsey, Phoenix, AZ, R. Allen Ashcraft, Jr., Squire Sanders et al., Houston, TX, for Plaintiff.

Kerry Charles Williams, Julia R. Calnek, Steven Jon Knight, Chamberlain Hrducka et al, Houston, TX, for Defendant.

### MEMORANDUM AND ORDER

HOYT, District Judge.

### I.

Before the Court is the defendant, MODEC (USA), Inc.'s, motion to dismiss the plaintiff, Braspetro Oil Services Company—Brasoil and Petroleo Brasileiro S.A.—Petrobras', suit for breach of contract, fraud, civil conspiracy and unjust enrichment. MODEC brought this motion pursuant to FRCP 12(b)(3), 12(b)(6) and (7), Rule 19 and 28 U.S.C. § 1406(a). The Court has reviewed the papers on file and determines that MODEC's motion to dismiss should be granted pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a).

### II.

The dispute between the parties arises under a contract between Petrobras and the Consortium. The Consortium consists of MODEC, Inc., and Maritime Petroleo e Engenharia Ltda. The defendant here, MODEC USA, is not a named member of the Consortium. The contract between Petrobras and the Consortium required the Consortium to convert a large crude oil carrier into an oil platform. The project was awarded in 1997, and is referred to in litigation pending in Rio de Janeiro, Brazil as the "Conversion Contract."

It appears undisputed that Petrobras was to pay the Consortium $288 million and that the project, with extensions, was to be completed by March 2000. Nevertheless, litigation commenced in Brazil between Petrobras and the Consortium. However, MODEC USA is not a named party to the litigation in Brazil. Yet, Petrobras asserts in this suit that MODEC USA and Maritime Overseas, Inc., were joined or joined in the Consortium in 1997. In this regard, Petrobras contends that MODEC USA accepted joint and several liability for the Consortium's duties and obligations under the Conversion Contract. It is also noteworthy that Petrobras has not included the other members of the Consortium in this lawsuit.

### III.

Assuming that Petrobras' allegations are true, the suit must be dismissed. The parties agree that the Conversion Contract and the parties to it—the Consortium and Petrobras—are subject to the courts in Rio de Janerio, Brazil pursuant to a forum selection clause. Section 21, titled "Jurisdiction" provides:

The parties hereby elect the Courts of the City of Rio de Janeiro, State of Rio de Janeiro, as competent to solve any dispute or controversy arising from the execution of this Contract, with express waiver of any other court, regardless of any privilege thereof.

■ Petrobras argues that, "if this court should find that MODEC USA was [sic] not a member of the Consortium, then neither party is bound by the forum selection clause." This argument is flawed on two bases. First, Petrobras asserts that MODEC USA is a party to the Consortium. Hence, the Court is duty bound to respect that pleading, pursuant to FRCP, Rules 9(a), 11(a) and (b) and 26(a)(1) *et. seq.* The Court need not look behind a pleading to determine its propriety. Simply, the Court takes the plaintiff's representation concerning who the proper parties to the suit are, as true. Second, whether MODEC USA is a party to the conversion contract or not, Petrobras certainly is a party. Therefore, the forum selection clause applies to Petrobras because the nature of its claims in this suit, if any it has, arises out of a single, indivisible, contract.

Petrobras also argues that its claims are outside the scope of the forum selection clause. The term "any" in the forum selection clause contemplates the entire scope of disputes that might arise between the parties. Thus, the Conversion agreement binds Petrobras to the forum selection clause.

Finally, Petrobras argues that enforcement of the forum selection clause would be unjust and unreasonable because Texas is a more convenient forum. Petrobras' arguments in this vein are insubstantial to say the least. They fail for several reasons. First, the parties are currently, and at the time this suit was filed, in litigation in Brazil. That suit was filed in 2002, and, in essentials, alleges the same claim as this suit. In addition to being four (4) years along in identical litigation, Petrobras makes no showing that venue is unreasonable in Brazil or that any of the relevant considerations for a change weighs in its favor.

■ Also, this suit is a duplicative suit that violates the Conversion Contract and the first-to-file rule. The Consortium is entitled to the protections afforded by the forum selection clause and the first-to-file rule. *See The Carolina Casualty Company v. Data Broadcasting Corp.,* 158 F.Supp.2d 1044, 1049 (N.D.Ca.2001), citing *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 628 (9th Cir.1991). When a court concludes that a party has filed a suit that implicates the first-to-file rule, the court in its discretion may transfer, dismiss or stay the second suit. *Harris County v. CarMax Auto Superstores, Inc.,* 177 F.3d 306, 319 (5th Cir.1999) citing *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24,* 751 F.2d 721 (5th Cir.1985).

Finally, for the Court to disregard the forum selection clause is to be presumptuous. The parties selected a forum, filed suit in that forum and have submitted to the jurisdiction of the Brazilian courts. Only after these events does Petrobras argue delay, staleness of evidence and inattention to alleged fraudulent conduct. The Court is unpersuaded.

Title 28 U.S.C. § 1404(a) provides that a suit that is filed in the wrong district or division shall be dismissed or transferred, in the interest of justice. Because this suit seeks to litigate issues that have been pending before a Brazilian court, involving the same parties, the interest of justice dictates a dismissal. Therefore, pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a), the Court DISMISSES this suit with prej-

udice to urging these or related claims in the United States courts.

It is so Ordered.