## BIRKES v. LLOYDS CASUALTY INSURER.

### No. 9698.

Court of Civil Appeals of Texas. Austin.

Feb. 25, 1948.

Rehearing Denied March 17, 1948.

C. C. Jopling, of LaGrange, for appellant.

Earl W. Gammage, of Houston, for appellee.

GRAY, Justice.

This is an appeal from a judgment of the District Court sustaining a plea of privilege. The facts giving rise to the suit are:

H. B. Birkes, appellant, recovered judgment in the District Court of Fayette County, Texas, against Eugene Bartels for the sum of $2,100, as damage for the loss of merchandise destroyed by fire while being transported by Bartels, a common carrier operating under the authority of a permit issued by the Railroad Commission of Texas. Lloyds Casualty Insurer, appellee here, had issued to Eugene Bartels a policy of insurance, which policy was filed with the Railroad Commission, as is re-

quired and provided for by Art. 911b, § 13, Vernon's Ann.Civ.St. This policy stated appellee's liability as applicable here to be: "One Thousand ($1,000) Dollars for the loss of, damage or injury to, property carried on any one motor vehicle (truck and/or trailer)."

After said judgment appellant filed this suit in the District Court of Fayette County, seeking judgment against appellee for $1,000, the extent of its liability under the provisions of the said policy of insurance. Appellee filed its plea of privilege to be sued in Harris County, Texas, where its principal office is located. This plea was controverted by appellant, and upon a hearing the trial court sustained the plea and entered its judgment transferring this cause to Harris County.

The merchandise was destroyed by fire in Lee County, just over the Fayette County line. The policy contained, along with others, the following provisions:

"In Consideration of the Stipulations hereinafter mentioned and endorsed hereon and of Thirty-five and no/100 Dollars, Premium, Does Insure Eugene Bartels, whose address is Carmine, Texas, for the term of One Year, from the 24th day of June, 1944, at 12:01 a. m., to the 24th day of June, 1945, at 12:01 a. m., Standard Time at place of issuance, to an amount not exceeding One Thousand and No/100 Dollars."

"This policy covers the legal liability of the named insured for the loss, of and damage or injury to, property of any character or description, while in the possession and/or custody, actual or constructive, of the insured."

"It is also understood, anything in the policy to the contrary notwithstanding, that the insurer herein will pay within limits expressed in this endorsement, unless greater limits are specified in the policy or endorsement attached thereto in which event the greater limits shall apply, all damage which may be recovered against the insured, based on the claims for loss of or damage to property during the term of the policy arising out of the actual operation of such motor freight vehicle (truck and/or trailer) or while such property is in the actual or constructive possession and/or custody of the insured without regard to the solvency or insolvency of the insured, and this policy shall not be exhausted by one recovery but successive recoveries may be had hereunder, and the payment of a claim does not reduce the amount of insurance by the sum so paid."

"No defense which is available to the insurer as against the insured under the provisions of this policy as originally written shall be available to the insurer as against a judgment creditor of the said insured after judgment shall have been rendered against such insured upon any claim for loss of or damage to property growing out of the actual operation of the motor freight vehicle (truck and/or trailers), of the insured or while such property is in the actual or constructive possession and/or custody of the insured, or whether or not, the basic authority granted in the certificate or permit shall have been violated."

Appellant here alleges by reason of his judgment against Bartels he became a judgment creditor of the said insured Bartels, and entitled to enforce the legal liability of appellee for the judgment recovered against Bartels to the extent of the limits provided in the policy of insurance, and to maintain venue in Fayette County under Sec. 23 of Art. 1995, R.C.S. The portion of this section applicable here is: "Corporations and Associations. Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; * * *."

Appellee by the terms of the policy is obligated to pay "all damage which may be recovered against the sured, based on the claims for loss of or damage to property during the term of the policy, arising out of the actual operation of such motor freight vehicle (truck and/or trailer) or while such property is in the actual or constructive possession and/or custody of the insured." The policy is

silent as to the place where such payment shall be made. Appellee contends said Sec. 23 of Art. 1995, supra, cannot be made to apply to an association such as appellee. This contention must be overruled. Jones v. Hollywood Style Shop, Tex.Civ. App., 62 S.W.2d 167, no writ. The plan of insurance conducted by appellee was testified to by its attorney in fact; the plan as so testified to shows appellee to be operating under the Lloyds plan as provided in Chap. 19, Title 78, R.C.S., Vernon's Ann.Civ.St. c. 19, title 78. Such plan was therefore, sufficiently established. McClung Construction Co., Inc., v. Langford Motor Co., Tex.Civ.App., 33 S.W.2d 749, no writ.

■ It is contended that because appellant recovered judgment in Fayette County, then a part of the cause of action arose there. In defining the term "cause of action" for the purpose of determining venue, the term has been defined as follows:

"A cause of action consists not alone of the genesis of the right but of the breach of the right, and in order to maintain the suit in some county other than that in which the corporation's principal place of business is located, it is necessary and only necessary that some part of the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is filed." United States Pipe and Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099, 1109, affirmed 130 Tex. 126, 108 S.W.2d 432.

Also see 1 Amr.Jur., §§ 2 and 3, pp. 404 and 405.

■ Appellee was Bartels' insurer and obligated to pay any judgment creditor of Bartels such damage as is provided for by the terms of its policy of insurance. Appellant had no cause of action against appellee until he had recovered judgment against Bartels, and which judgment appellant must plead and prove; these are facts appellee has the right to traverse. The recovery of judgment by appellant matured the obligation of appellee to then discharge the same to the extent of its liability under the policy. These facts we hold are sufficient to show appellant's "cause of action or part thereof" arose in Fayette County. It follows we hold the trial court erred in sustaining appellee's plea of privilege and transferring this cause to Harris County; for which reason the judgment of the trial court is reversed and appellee's plea of privilege is overruled.

Reversed and plea of privilege overruled.