**BITUMINOUS CASUALTY CORPORATION,**
Appellant,

v.

**COMMERCIAL STANDARD INSURANCE COMPANY,** Appellee.

No. 1518.

Court of Appeals of Texas,
Tyler.

July 15, 1982.

William Drew Perkins, Lufkin, for appellant.

Robert Fairchild, Fairchild, Price, Russell & Thomas, Center, for appellee.

RAMEY, Justice.

This is a venue suit arising out of a declaratory judgment action. Plaintiff, Bituminous Casualty Corporation (Bituminous), seeks a declaratory judgment against defendant, Commercial Standard Insurance Company (Commercial), to determine which insurer has the duty to defend their insured, Kenneth Miller (Miller), and pay a judgment that might be rendered against this insured in a separate damage action pending in the District Court of San Augustine, Texas. Defendant Commercial filed its plea of privilege to have this cause transferred to Tarrant County, the county of its residence. The trial court sustained Commercial's plea, from which order Bituminous has perfected this appeal. We reverse and render.

Appellee contends that the facts adduced at the plea of privilege hearing fail to provide the necessary proof to sustain venue in San Augustine County. The proof was very limited but the following evidence was admitted: The plaintiff's original petition and the co-defendant State's answer and cross-action in the pending damage suit were received by the court over defendant's objections; however no cross-point complaining of the court's evidentiary ruling has been asserted. Also the answers to interrogatories, together with the comprehensive general liability policy issued by Bituminous and the comprehensive automobile liability policy issued by Commercial, were admitted without objection. These policies provided coverage at all material times and contained the standard provisions as to the insurer's duty to defend its policyholder.

From the order sustaining defendant's plea of privilege, Bituminous brings three points of error. Plaintiff's first point of error asserts that the trial court erred in sustaining Commercial's plea of privilege for the reason that the venue facts brought the case within Exception 23 of Article 1995, Tex.Rev.Civ.Stat.Ann. In order to comply with Subdivision 23, plaintiff must prove by a preponderance of the evidence the following: (1) that the defendant is a private corporation; (2) that plaintiff has a cause of action against such defendant; and (3) that such cause of action, or a part thereof, arose in the county where plaintiff seeks to maintain venue. *Ideal Baking Co. v. Boyd,* 417 S.W.2d 613 (Tex.Civ.App.— Tyler 1967, no writ). In our view the requisite venue facts under Subdivision 23 were in evidence.

1. *Defendant's corporate status.*

■ Plaintiff alleged in its petition that defendant is a corporation. This allegation is established since Commercial did not specifically deny its corporate status in its plea of privilege. Rules 86 and 93, Texas Rules of Civil Procedure; *London Properties, Inc. v. Howard-Associated-Page Services, Inc.,* 474 S.W.2d 580, 581 (Tex.Civ.App.—San Antonio 1971, no writ).

2. *Plaintiff's cause of action against defendant.*

■■ It is undisputed that Miller was a defendant in a pending damage suit. It is likewise undisputed that both companies herein afforded Miller liability coverage at the time of the accident made the basis of the pending damage suit. In proving a cause of action against a defendant in a declaratory judgment case it is only necessary that a justiciable, actual and bona fide controversy exists between the parties. *Amoco Production Co. v. Texas Electric Service Co.,* 614 S.W.2d 194, 197 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ). Here, there was an actual bona fide dispute between the carriers as to *which* owed the duty to defend Miller in the damage suit. Determination of the responsibility to defend an insured constitutes a justiciable controversy in Texas. *Firemen's Ins. Co. of*

*Newark, New Jersey v. Burch,* 442 S.W.2d 331, 332 (Tex.1968).

3. *Cause of action in San Augustine County.*

The damage suit against Miller is pending in San Augustine County. It must be defended by the appropriate insurer in that county; thus that part of the transaction relating to the breach of the insurer's duty to defend occurred in San Augustine county. *Employers Casualty Co. v. West,* 383 S.W.2d 251, 253 (Tex.Civ.App.—Amarillo 1964, dism'd).

Having sustained appellant's first point of error, it will not be necessary to consider appellant's other assignments.

Judgment of the trial court is reversed and judgment is rendered that venue is proper in San Augustine County.