Augusto **CHIRIBOGA** and David
Augusto Chiriboga,
Appellants,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee.

No. 03–01–00148–CV.

Court of Appeals of Texas,
Austin.

Jan. 16, 2003.

---

B. Buck Pettitt, Flores, Casso & Pettitt, L.L.P., McAllen, for Appellant.

Robert A. Allen, Jeff Small, Allen, Stein & Durbin, P.C., San Antonio, for Appellee.

Before Justices KIDD, YEAKEL and PATTERSON.

### OPINION

LEE YEAKEL, Justice.

This is an appeal from an order denying a motion to transfer venue and an order dismissing the defendants' counterclaim for attorney's fees and costs without notice or a hearing. This action was brought by appellee State Farm Mutual Automobile Insurance Company ("State Farm") against its insureds, appellants Augusto Chiriboga and his son, David Augusto Chiriboga, and others to resolve a coverage dispute under an automobile policy issued to Augusto Chiriboga by State Farm. We will reverse because the district court erred in overruling the Chiribogas' motion to transfer venue.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a coverage dispute arising out of a vehicular collision that occurred in Hidalgo County on February 25, 1998, involving a vehicle owned by Augusto Chiriboga and driven by David Chiriboga. On May 27, 1998, both father and son were sued for negligence in Hidalgo County by those injured in the collision, who were also residents of Hidalgo County (the "Gonzalez lawsuit").[1] The accident occurred during

---

1. The accident occurred when the Chiribogas' vehicle, a 1983 Cadillac Cimarron, collided

the coverage period of the State Farm policy insuring the Chiribogas. The Chiribogas made a demand for defense and indemnity from State Farm. State Farm tendered a qualified defense, issued a reservation of rights letter, and, on January 4, 1999, filed this declaratory-judgment action in Milam County. All defendants in the declaratory-judgment action sought to transfer venue to Hidalgo County, but their motions were denied.

The Chiribogas demanded a jury and filed counterclaims seeking attorney's fees and costs pursuant to the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (West 1997). State Farm subsequently settled the Gonzalez lawsuit. Just before trial in the Milam County suit, however, State Farm moved to dismiss all of its claims, as well as the Chiribogas' affirmative counterclaim for attorney's fees and costs. State Farm filed its motion on December 18, 2000, and without a hearing the district court signed an order granting State Farm's motion the next day. The order dismissed all claims, expressly including the Chiribogas' counterclaims.

## DISCUSSION

The Chiribogas appeal the district court's refusal to transfer the case to Hidalgo County, as well as its order dismissing their affirmative claims without notice and a hearing. Because we conclude that the district court erred in not transferring venue, we do not reach the dismissal issue.

with a vehicle driven by Oscar Trevino Gonzalez in which Janie Vela was a passenger. Both occupants of the Gonzalez vehicle were injured as a result. Gonzalez and Vela sued the Chiribogas in Hidalgo County, and were, in turn, sued by State Farm in this action because they each have a potential stake in

*Legal Standards Governing Motions to Transfer Venue and Standard and Scope of Review*

 Texas's venue scheme divides venue into categories, including "general," "mandatory," and "permissive." Mandatory provisions trump permissive ones. *See Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex.1996); *Allison v. Fire Ins. Exchg.*, 98 S.W.3d 227, 242 (Austin 2002, no pet. h.). Plaintiffs are accorded the right to choose venue first; as long as suit is initially filed in a county of proper venue (*i.e.*, the county is at least a permissive venue and no mandatory provision applies), the plaintiff's venue choice cannot be disturbed. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994). However, if the county to which transfer is sought is a county of mandatory venue, then it is reversible error to deny a transfer. *Hart*, 917 S.W.2d at 781. On the other hand, if the dispute is between two counties of permissive venue, transferring the case is improper. *Wilson*, 886 S.W.2d at 262. In cases involving disputes over permissive venue, the entire record is reviewed for any probative evidence that venue was proper *in the original county of suit. Id.*

 In reviewing a venue decision, the appellate court must conduct an independent review of the entire record, including where applicable, the trial on the merits, to determine whether any probative evidence supports the trial court's venue decision. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993).[2] Courts re-

the insurance proceeds. Gonzalez and Vela subsequently agreed to be bound by the results of this declaratory-judgment action and are not now parties to this appeal.

2. When ruling on a motion to transfer venue, the trial court must assume the pleadings are true and decide based upon the pleadings and

view the evidentiary record in the light most favorable to the venue ruling; however, no deference is given to the trial court's application of the law. *Id.* If there is any probative evidence supporting venue in the county where judgment was rendered, the judgment must be affirmed. *Id.; Bonham State Bank v. Beadle,* 907 S.W.2d 465, 471 (Tex.1995). If no such evidence exists, the case must be reversed. Tex. Civ. Prac. & Rem.Code Ann. § 15.063 (West Supp. 2003); *Ruiz,* 868 S.W.2d at 758; *Allison,* at ——, No. 03–01–00717–CV, slip op. at 19, 2002 WL 31833440, 2002 Tex.App. LEXIS 8957, at *29; *Eddins v. Parker,* 63 S.W.3d 15, 18 (Tex. App.-El Paso 2001, pet. denied).

 A plaintiff's choice of venue stands unless challenged by a proper motion to transfer venue. *In re Mo. Pac. R.R.Co.,* 998 S.W.2d 212, 216 (Tex.1999). Once challenged, the plaintiff has the burden to present *prima facie* proof that venue is maintainable in the county of suit. *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999); Tex.R. Civ. P. 87(2)(a), (3)(a). The plaintiff's *prima facie* proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *Ruiz,* 868 S.W.2d at 757. The action must remain in the county of suit if the plaintiff selected a county of proper venue and supported the selection with *prima facie* proof supporting venue there. *Wilson,* 886 S.W.2d at 261.

 As a result, an appellate court cannot review the sufficiency of the evidence supporting the plaintiff's venue choice. *Ruiz,* 868 S.W.2d at 758. If there is any probative evidence supporting venue in the county of suit, a transfer should be denied even if the evidence preponderates to the contrary. *Beadle,* 907 S.W.2d at

471; *Wilson,* 886 S.W.2d at 262. However, conclusive evidence to the contrary can destroy the "probative evidence." *See Ruiz,* 868 S.W.2d at 757; *Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 750 (Tex.App.-San Antonio 1995, writ denied).

 None of the mandatory or specific permissive venue provisions apply in this case. Venue here is governed by the general venue rule contained in section 15.002(a) of the Texas Civil Practices and Remedies Code. *See Beadle,* 907 S.W.2d at 471 (declaratory-judgment action governed by general venue rule). Section 15.002(a)(1) provides that venue is proper in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred" or the county "of defendant's residence at the time the cause of action accrued if defendant is a natural person." Tex. Civ. Prac. Rem.Code Ann. § 15.002(a)(1), (2) (West 2002). In this case, we must determine whether there is any probative evidence to support the district court's implied ruling that "all or a substantial part of" the events giving rise to this lawsuit occurred in Milam County.

### The Venue Facts

State Farm's factual basis for maintaining venue in Milam County is that Milam County is the location of State Farm's local insurance agent, Lloyd Curington, who sold the policy. When Augusto Chiriboga reported the collision to State Farm, he called Curington in Milam County. Thus, State Farm argues venue was proper under section 15.002(a)(1) because "all or a substantial part of the events ... giving rise to the claim" occurred in that county.

---

affidavits submitted by the parties. Tex.R. Civ. P. 87. Venue questions are to be decided based on the "facts existing at the time the cause of action that is the basis of the suit accrued." Tex. Civ. Prac. & Rem.Code Ann. § 15.006 (West 2002).

State Farm's coverage defense was based on a policy provision excluding from coverage automobiles owned by the insured but not scheduled on the policy. State Farm contended that the 1983 Cadillac Cimarron, owned by Augusto Chiriboga and driven by David Chiriboga, was not a scheduled vehicle. Therefore, State Farm asserts, coverage for the Cimarron was excluded for any damages arising out of its operation. On the other hand, the Chiribogas contend that the Cimarron had been a scheduled vehicle on this policy and that Augusto Chiriboga never authorized its removal from the policy. State Farm's factual theory supporting venue in Milam County is that the removal of the Cimarron as a scheduled vehicle on the policy actually occurred in Milam County. State Farm's local agent, who was responsible for scheduling vehicles on that policy, was located in Milam County. Thus, State Farm contends, Milam County became the site of a substantial part of the facts giving rise to its coverage defense. As a basis for venue, State Farm also points to the fact that Augusto Chiriboga purchased the original policy in Milam County some fourteen years earlier. However, Augusto Chiriboga was living in Hidalgo County the last time the policy was renewed by State Farm.

In addition to affidavits, depositions were taken on the issues surrounding the alleged policy change. Excerpts of the depositions were submitted as evidence both supporting and opposing the venue motions. Augusto Chiriboga testified that State Farm had been his insurance carrier for many years and that whenever he purchased a new vehicle his practice was to have the car salesman contact State Farm and request that the new vehicle be added to his auto policy. That is what happened in this instance. When he bought a new Cadillac Catera in Hidalgo County, he had the salesman at the Cadillac dealership contact State Farm in order to add the Catera to his policy. He testified that he received a letter from State Farm stating that it had received his request for a policy change and that the change would be reflected on the next billing statement. Augusto Chiriboga testified that he was unaware that his instructions were not followed until State Farm refused coverage in connection with the accident in question.

State Farm does not dispute that the Cadillac salesman called on November 14, 1997, seeking to have the Catera added as a covered vehicle. The dispute is whether State Farm was also instructed to remove the Cimarron from coverage and to substitute the Catera in its place. A Curington employee, Jeanne Bailey, was the person who actually handled the policy change. She testified that the first contact she received about adding the Catera to the policy was from Augusto Chiriboga himself. Bailey said she was sure that she discussed the policy change with Augusto Chiriboga because she remembered his accent. She said that he wanted to drop the Cimarron and add the Catera. She subsequently talked to the salesman at the Cadillac dealership and obtained the vehicle identification number of the Catera. The fact that Bailey was in Milam County when she handled the policy-change transaction is State Farm's factual basis for asserting that a "substantial part" of the events giving rise to its lawsuit occurred in Milam County.

It is undisputed that all defendants in this declaratory-judgment action were residents of Hidalgo County. The underlying collision occurred in Hidalgo County. The action arising out of that collision, the Gonzalez lawsuit, was filed in Hidalgo County. State Farm was called upon to defend its insureds in Hidalgo County. The Chiribogas' liability, if any, would be determined

in Hidalgo County. State Farm's obligations under the liability policy were performable in Hidalgo County. The policy reflects that the primary area for the operation of the covered vehicles was Hidalgo County. The Chiribogas paid higher premiums to State Farm because Hidalgo County was the primary area of operation of their vehicles. The renewal policy was issued to the Chiribogas in Hidalgo County.

### Suit Filed in Improper Venue

■■■ In response to the venue challenge, State Farm presented evidence that an event did occur in Milam County, but the question is whether that event amounted to "a substantial part" of the events giving rise to the lawsuit. In other words, we must assume State Farm's venue facts to be true and decide whether Milam County was the site of a substantial part of State Farm's cause of action.

■■■ Nothing about State Farm's dispute against the Chiribogas is connected in a material way to Milam County. To determine whether a "substantial" portion of the facts giving rise to the claim occurred in Milam County, we examine the essential elements of State Farm's claim. *See Southern County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 459–60 (Tex.App.-Corpus Christi 2000, no pet.); *Bituminous Cas. Corp. v. Commercial Standard Ins. Co.*, 639 S.W.2d 25, 26–27 (Tex.App.-Tyler 1982, no writ). By this action, State Farm seeks judicial interpretation of the insurance policy and determination of its duties to defend and indemnify in light of the Gonzalez lawsuit.[3] The legal analyses governing the independent duties of defense and indemnity under liability policies are distinct and specialized.

■■■ Texas determines the duty to defend according to the "eight corners" or "complaint allegation" rule—examining only the pleadings against the insured and the insurance policy itself to determine if the pleadings allege facts that potentially come within the scope of coverage afforded by the policy. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997); *Texas Med. Liab. Trust v. Zurich Ins. Co.*, 945 S.W.2d 839, 842 (Tex.App.-Austin 1997, writ denied). The facts alleged in the claimant's petition against the insured are presumed to be true when gauging the insurer's obligation to defend. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965). A liability policy obligates the insurer to defend the insured against any claim that could *potentially* be covered regardless of the claim's merits. *Id.* at 26; *Texas Med. Liab. Trust*, 945 S.W.2d at 842.

■■■ The duty to indemnify, on the other hand, is determined by the actual facts surrounding the claim. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex.1997); *American Alliance Ins. Co. v. Frito–Lay, Inc.*, 788 S.W.2d 152, 154 (Tex.App.-Dallas 1990, writ dism'd). An insurer has no duty to pay unless the insured's liability for covered damages is established in the underlying litigation. *Heyden Newport Chem. Corp.*, 387 S.W.2d at 25; *Reser v. State Farm Fire & Cas. Co.*, 981 S.W.2d 260, 263 (Tex.App.-San Antonio 1998, no pet.). Thus, establishment of the Chiribogas' liability in the Gonzalez lawsuit is a condition precedent to the Chiribogas' entitlement to indemnity

---

**3.** The declaratory-judgments act is available to resolve a coverage dispute between an insurer and an insured over the insurer's duty to defend, *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 332 (Tex.1968), and, to a lesser extent, the duty to indemnify, *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997), under a liability policy.

under the policy. *See Ochoa,* 19 S.W.3d at 460.

Resolution of these issues is governed by the petition against the Chiribogas in the Gonzalez lawsuit, the insurance policy, the actual facts adjudicated in the Gonzalez lawsuit, and the facts surrounding the alleged deletion of the Cimarron from the policy. Any connection between the coverage issues and Milam County is tangential and insubstantial. Neither the fact that Augusto Chiriboga initially purchased the coverage in Milam County nor the fact that Bailey was in Milam County when she had the telephone conversation with him regarding the vehicles establishes Milam County as the site of a "substantial part" of the events giving rise to the declaratory-judgment action.

### The Substantiality Requirement

Prior to its amendment in 1995, the general-venue law allowed venue "in the county in which all or part of the cause of action accrued or in the county of defendant's residence...." Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978 (amended 1995) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2002)) (formerly Tex. Civ. Prac. & Rem.Code Ann. § 15.001). The 1995 amendment provided for venue "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(1) (West 2002). The amendment narrowed the number of counties in which venue could be maintained to those with a substantial connection to the lawsuit. *Id.* Under the old version, suit could be maintained where any part of a cause of action accrued, no matter how unimportant the connection might be. The amendment requires that the basis for venue be a "substantial part" of the cause of action at issue. Although appellate courts are not to choose the best venue when reviewing venue challenges, they are to determine whether the venue facts satisfy the substantiality threshold provided by amended section 15.002(a)(1). The legislature's purpose in using the term "substantial part" in section 15.002(a)(1) was to curtail forum-shopping.[4] No longer is any fact connected to the lawsuit sufficient to establish venue, as it was under the old venue scheme. *See Eddins,* 63 S.W.3d at 18–19.

In Texas, the county where the insurer is called upon to defend its insured is traditionally where a "substantial part" of the events giving rise to a liability-insurance claim are considered to have occurred. *See, e.g., Ochoa,* 19 S.W.3d at 457–58 ("We conclude that, under the present Texas venue statute, the judgment against [the insured] in Hidalgo County was a substantial part of the events giving rise to the Ochoa's action against Trinity on the indemnity policy and thus establishes venue in Hidalgo County."); *Cigna Lloyds Ins. Co. v. Bradleys' Electric, Inc.,* 993 S.W.2d 673, 677 (Tex.App.-Corpus Christi 1998), *rev'd on other grounds,* 995 S.W.2d 675 (Tex.1999) (holding transfer of coverage case away from county where liability suit filed was error); *Bituminous Cas. Corp.,* 639 S.W.2d at 27 (same); *Millers Mut. Fire Ins. Co. v. Texoma Directional Drilling Co.,* 622 S.W.2d 899, 901

---

4. *See DB Enter. v. Windle,* 927 S.W.2d 283, 288 (Tex.App.-Fort Worth 1996, orig. proceeding) (involving venue in suit by guardian for personal injuries or death and noting that legislative changes known as "tort reform" made clear that forum-shopping is against public policy); House Research Organization, Bill Analysis, Tex. S.B. 32, 74th Leg., R.S. (1995) (purpose of changes in venue statute was to "eliminate the many loopholes and legal strategies that promote forum shopping—allowing someone to choose the most favorable county despite its tenuous connection to the case").

(Tex.App.-Fort Worth 1981, no writ) (holding cause of action in coverage case arose in county where insured sued); *Birkes v. Lloyds Cas. Insurer*, 209 S.W.2d 438, 440 (Tex.Civ.App.-Austin 1948, no writ) (upholding county of suit as county of proper venue for coverage case).[5]

■ There is also a considerable body of federal law interpreting similar language in the federal venue statute in the context of coverage disputes. We note that section 15.002(a)(1) of the Texas venue statute is virtually identical to its federal counterpart. *Compare* 28 U.S.C.A. § 1391(a)(2) and (b)(2) (West Supp.2002) *with* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a). When the legislature adopts a statute with wording substantially similar to a federal statute, we presume that, absent some indication to the contrary, the legislature was aware of the federal courts' construction of the federal statute and intended to adopt it. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 360 (Tex.2000); *Blackmon v. Hansen*, 140 Tex. 536, 169 S.W.2d 962, 964–65 (1943).

In cases involving liability-insurance coverage questions, federal courts tend to look to the underlying events for which insurance coverage is sought to determine venue. *See Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1047 (N.D.Cal.2001); *Britamco Underwriters, Inc. v. Raymond E. Wallace Special Prods., Inc.*, 56 F.Supp.2d 542, 545–46 (E.D.Pa.1999); *Horihan v. Hartford Ins. Co.*, 979 F.Supp. 1073, 1078 (E.D.Tex.1997); *Consolidated Ins. Co. v. Vander-woude*, 876 F.Supp. 198, 199–202 (N.D.Ind. 1995). Federal courts have reasoned that the purpose of the "substantiality requirement" in the federal venue statute is to "preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Britamco Underwriters*, 56 F.Supp.2d at 544 (citing *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994)); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Courts look to the nature of the dispute and whether the forum has a "real relationship" to it when determining whether a particular event was a "substantial part" of a claim. *Britamco Underwriters*, 56 F.Supp.2d at 544. "[T]he creation of a contract ... is but one event in a series of events which gave rise to this action." *Id.* In cases involving the duty to defend or the duty to pay under a liability policy, federal courts tend to look to the place where the loss occurred or where the underlying liability suit is filed to determine venue. *See Carolina Cas. Co.*, 158 F.Supp.2d at 1047; *Britamco Underwriters*, 56 F.Supp.2d at 544–45; *Horihan*, 979 F.Supp. at 1078.

We are not convinced that the act of purchasing, renewing, or even requesting an addition to an auto policy over the telephone to an agent located in Milam County can be fairly characterized as an act that is "a substantial part" of the coverage dispute in this case. Based on the foregoing authorities and the record in this

---

**5.** This interpretation of section 15.002(a) parallels the permissive venue scheme found in section 15.032, which applies to suits filed *against* insurance companies. Section 15.032 requires that cases filed against certain insurance companies be brought: (1) in the county where the insurer's principal office is located, (2) the county where "the loss occurred," or (3) where the policyholder resides. Tex. Civ. Prac. & Rem.Code Ann. § 15.032 (West Supp. 2003); *see also American Sec. Life Ins. Co. v. M.D. Anderson Hosp. & Tumor Inst.*, 408 S.W.2d 155, 158 (Tex.Civ.App.-Houston [1st Dist.] 1966, writ dism'd w.o.j.) ("The county where the event occurred that gives rise to liability is the county where the loss occurred.").

case, we sustain the Chiribogas' first issue and hold that Milam County was not a county of proper venue. The district court erred in denying the Chiribogas' motions to transfer.

### No Convenience Transfer for Plaintiffs

 State Farm also argues that Milam County is the proper place of venue pursuant to subsection (b) of section 15.002, which allows transfers of venue for the convenience of the parties and witnesses and the interests of justice. However, section 15.002(b) does not support State Farm's position. That provision authorizes a transfer of venue for convenience only *upon the motion of a defendant*. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(b) (West 2002). State Farm was the plaintiff in this action and cannot rely on section 15.002(b) to maintain venue in the county of suit.[6] The purpose of section 15.002(b) is to change venue, not to serve as a basis to maintain venue in the first instance. It certainly cannot be a basis for a plaintiff to maintain an action in a county of improper venue.

The erroneous denial of a motion to transfer venue requires reversal of the judgment and remand. *Hart*, 917 S.W.2d at 781. We hold that the district court erred in denying the Chiribogas' motion to transfer venue because the county of suit was not the site of "all or a substantial part of the events" giving rise to the lawsuit. As we have sustained the Chiribogas' first issue and reverse on that issue, we need not reach their second issue. *See* Tex.R.App. P. 47.1.

### CONCLUSION

For these reasons, we reverse the judgment of the district court and remand the case with instructions that it be trans-

ferred to a district court in Hidalgo County for a determination of the merits of the Chiribogas' counterclaims. Tex.R.App. P. 43.2(d).

---

6. For a good discussion of this issue, *see* A. Erin Dwyer, et al., *Annual Survey of Texas Law: Texas Civil Procedure*, 49 S.M.U. L.Rev. 1371, 1376 (1996).