**Opinion issued February 6, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00874-CV

————————————

**TEXAS WINDSTORM INSURANCE ASSOCIATION AND
TEXAS FAIR PLAN ASSOCIATION, Appellants
V.**

**ART BOYLE, INDIVIDUALLY AND ON BEHALF OF BOYLE CLAIMS,
JEFF KAISER, INDIVIDUALLY AND ON BEHALF OF SPECIALTY
GROUP, INC., AND ALL OTHERS SIMILARLY SITUATED, Appellees**

---

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Case No. 11-CV-1515**

---

## MEMORANDUM OPINION

In this dispute arising between independent insurance adjusters and

windstorm insurance associations, Art Boyle and Jeff Kaiser have sued the Texas

Windstorm Insurance Association and the Texas Fair Plan Association in Galveston County, individually and on behalf of their adjusting companies. In the trial court, TWIA and TFPA moved to transfer venue to Travis County, their principal place of business. The trial court denied the motion. On interlocutory appeal, TWIA and TFPA contend that venue is not proper in Galveston County. We reverse the trial court's order and direct it to transfer the case to Travis County.

## Background

TWIA provides windstorm and hail insurance in the "seacoast territory" of Texas. TEX. INS. CODE ANN. § 2210.001 (West Supp. 2013). TFPA provides windstorm and hail insurance in Texas counties not covered by TWIA. *See id.* § 2211.156 (West 2009). Both associations are headquartered in Travis County. In 2008, Hurricanes Ike, Gustav, and Dolly damaged many properties insured by TWIA and TFPA.

Boyle owns Boyle Claims, an adjusting company. He resides in Connecticut, which is his company's principal place of business. Kaiser owns Specialty Group, another adjusting company. He resides in Florida, which is his company's principal place of business. Boyle and Kaiser allege that Boyle Claims and Specialty Group, Inc., entered into contracts with TWIA and TFPA to adjust insurance claims against TWIA and TFPA arising from hurricane damage. Boyle and Kaiser further allege that TWIA and TFPA underpaid Boyle Claims and

2

Specialty Group for their services. TWIA and TFPA developed all their contracts and fee schedules with the adjusters in Travis County. Moreover, they made all their payment decisions concerning adjusters in Travis County. Boyle Claims adjusted 167 TWIA claims for damage to property in Galveston County, and 1,476 TWIA claims in all other Texas counties combined. Boyle also avers that he and his employees "met with" TWIA and TFPA employees in Galveston County. Specialty Group adjusted 975 TWIA claims for property damage in Galveston County.

*Course of proceedings*

Boyle and Kaiser sue for breach of contract and other contract–related claims. They seek to represent a class of all independent adjusters who were underpaid by TWIA and TFPA for their claims–adjusting services.

**Discussion**

As a preliminary matter, we determine whether we have appellate jurisdiction to review the trial court's interlocutory order denying TWIA and TFPA's motion to transfer venue. Generally, we do not have jurisdiction to review a trial court's venue determination. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002). In a suit involving more than one plaintiff, however, we have interlocutory appellate jurisdiction to review a trial court's determination of whether "a plaintiff did or did not independently establish proper venue." *Id.*

3

§ 15.003(b)(1) (West Supp. 2013); *Ramirez v. Collier, Shannon, Scott, PLLC*, 123 S.W.3d 43, 50 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *see also Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 286–87 & 286 n.18 (Tex. App.—Corpus Christi 2012, pet. dism'd) (discussing 2003 amendment to section 15.003 and holding that its specific language trumps more general language of section 15.064).

*Standard of review*

We review the trial court's order de novo; we are expressly precluded by statute from considering the trial court's ruling under either an abuse–of–discretion or substantial–evidence standard. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c)(1) (West Supp. 2013); *Ramirez*, 123 S.W.3d at 50.

*Applicable law*

A plaintiff has the right to maintain suit in a county of proper venue. *Wilson v. Tex. Parks and Wildlife Dep't*, 886 S.W.2d 259, 262 (Tex. 1994). A plaintiff has the burden to proffer prima facie proof that venue is maintainable in the county of suit. TEX. R. CIV. P. 87(2)(a), (3)(a); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.). A plaintiff's prima facie proof is not subject to rebuttal, cross–examination, impeachment, or disproof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993). Other evidence in the record, however, can destroy a plaintiff's prima facie proof. *Id.* If a plaintiff fails to

establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion, provided that the defendant has proffered prima facie proof that its specified county is one of proper venue. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding).

To satisfy the general venue rule, a plaintiff must sue (1) "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;" or (2) "in the county of the defendant's principal office in this state, if the defendant is not a natural person." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), (3) (West 2002). To maintain venue under (1), a plaintiff must show that its basis for venue is a "substantial part" of the claim at issue. *Chiriboga*, 96 S.W.3d at 681.

*Analysis*

In determining whether a county bears a substantial connection to the suit, we examine the plaintiff's claim. *Id.* at 680. Boyle and Kaiser sue TWIA and TFPA for breach of contract and other contract–related claims. The elements of a breach–of–contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no

pet.) (citing *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ)).

Boyle and Kaiser link one element of their breach–of–contract claim to Galveston County: their companies' performance under the contracts. They allege that their companies performed under the contracts by adjusting insurance claims associated with insured properties located in Galveston County.

Section 2211.156 of the Insurance Code precludes TFPA from providing windstorm and hail insurance coverage in Galveston County because Chapter 2210 provides that TWIA exclusively covers windstorm and eligible risks there. *See* TEX. INS. CODE ANN. § 2211.156 (West 2009). Under Chapter 2210, TWIA provides windstorm and hail insurance in the "seacoast territory" of Texas. *Id.* § 2210.001 (West Supp. 2013). "Seacoast territory" includes Galveston County. *Id.* § 2210.003(4)(F), (10) (West 2009). Galveston County does not bear a substantial connection to the claims against TFPA. *See Chiriboga*, 96 S.W.3d at 681.

With respect to TWIA, Gary Robinson, a TWIA employee, avers that Boyle Claims adjusted 167 claims in Galveston County arising from Hurricane Ike. Boyle Claims adjusted 1,476 TWIA claims in other Texas counties arising from Hurricane Ike. Boyle Claims did not adjust any TWIA claims arising from Hurricanes Gustav or Dolly. Less than 11% of Boyle Claims' adjusting services involved Galveston County property. The only other venue fact that Boyle avers is

that he and his employees met with TWIA employees in Galveston County, but he does not aver that these meetings related to his claims against TWIA in this suit. Because the percentage of claims adjusted in Galveston County is low and none of the other elements of Boyle's cause of action arose there, Boyle's prima facie allegation that a substantial part of the facts giving rise to his contract–related claims occurred in Galveston County fails. *See Ruiz*, 868 S.W.2d at 757.

Kaiser avers that his company, Specialty Group, adjusted 975 claims for TWIA in Galveston County. Kaiser does not submit the number of other claims Specialty Group adjusted for TWIA in other Texas counties. Though Kaiser has demonstrated that Specialty Group adjusted more claims in Galveston County than Boyle, without any allegation that the contracts at issue in this case were executed or breached in Galveston County, and without evidence of the overall number of claims adjusted under the contracts, the record lacks support for a finding that a "substantial part" of his contract–related causes of action arose in Galveston County, as required by the venue statute. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1) (West 2002); *see also Masonite*, 997 S.W.2d at 197.

Boyle and Kaiser rely on three cases to contend that a substantial part of their claims arose in Galveston County. Boyle and Kaiser first cite *Siemens Corp. v. Bartek*, No. 03-04-00613-CV, 2006 WL 1126219, at *6 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.). *Bartek*, however, is distinguishable. There, the

7

plaintiffs were the defendant's employees and performed their work solely in their selected county of venue. *Id.* Moreover, they received telephone calls, emails, and letters in that county from the defendant in connection with their claim. *Id.* Here, Boyle, Kaiser, and their companies are not Texas residents and, at most, partially performed in Galveston County; Boyle and Kaiser do not allege that they received communications in Galveston County from TWIA related to their contract claims.

Boyle and Kaiser next cite *Duran v. Entrust, Inc.*, No. 01-08-00589-CV, 2010 WL 1241093, at *7 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, pet. denied) (mem. op.). *Duran* is also distinguishable. There, the plaintiffs substantially performed, and the defendant breached the contract in the plaintiffs' selected county of venue. *Id.* Here, TWIA allegedly breached the contracts by underpayment in Travis County, not in Galveston County.

Boyle and Kaiser finally cite *Brown v. Health & Med. Practice Assocs., Inc.*, No. 09-13-00192-CV, 2013 WL 5658605, at *4 (Tex. App.—Beaumont Oct. 17, 2013, no pet.) (mem. op.). But in *Brown*, the defendants did not contest that a substantial part of the plaintiff's performance occurred in the plaintiff's selected county of venue. *Id.* TWIA, in contrast, denied that a substantial part of Boyle Claims and Specialty Group's performance under the adjusting contracts occurred in Galveston County and proffered an affidavit that a substantial part of the claims did not arise in Galveston County. In response, Boyle and Kaiser proffered no

evidence that their companies' performance in Galveston County is substantial relative to their overall claims for breach of contract.

## Conclusion

We hold that venue in Galveston County is not proper. Because TWIA and TFPA maintain their headquarters in Travis County, it is a county of proper venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3) (West 2002). Accordingly, we reverse and direct the trial court to transfer the case to Travis County. *See Masonite*, 997 S.W.2d at 197.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.