# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00774-CV

---

**Thomas Pellegrini; Pellegrini Interests, LLC; Steve Epps, Oak Hill Resources, LLC; and Lavaca River Operating Company, LLC, Appellants**

**v.**

**Six Pines Exploration, LLC; Empire Field, LLC; Santa Rosa Exploration II, LLC; M&H Ventures, LLC; Castellaw Energy, LLC; Kalane Energy, LLC; San Ambrosia Creek, L.P.; and L Investments, LLC, Appellees**

---

#### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
#### NO. D-1-GN-18-003970, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This interlocutory appeal arises from the district court's order denying Appellants' motion to transfer venue. Because we determine that a substantial part of the events or omissions giving rise to Appellees' claims occurred in Travis County, we will affirm.

## BACKGROUND

Appellants Thomas Pellegrini and Steve Epps each have associated entities: Pellegrini Interests, LLC, and Oak Hill Resources, LLC, respectively. Pellegrini Interests and Oak Hill formed Appellee Six Pines Exploration, LLC, as a vehicle to raise investment capital to develop oil and gas wells. Six Pines later added as investors Appellees Empire Field, LLC; Santa Rosa Exploration II, LLC; M&H Ventures, LLC; Castellaw Energy, LLC; Kalane Energy,

LLC; and San Ambrosia Creek, L.P. Rather than contributing cash to Six Pines, Pellegrini and Epps funded their equity interests by an in-kind contribution of a partial working interest in an existing well in Louisiana. The operator of that well is Appellant Lavaca River Operating Company, LLC, which is also owned by Pellegrini. Pellegrini and Epps appointed themselves as managers under the Six Pines Company Agreement, and Toby Castellaw was appointed as a third manager with limited authority. According to Appellees, Six Pines floundered because Pellegrini and Epps were using Lavaca River Operating to "siphon money out of Six Pines" to pay themselves or cover debt unrelated to Six Pines. Through Appellants, Six Pines eventually sought additional capital by securing a lifeline investment from Austin-based investment company L Investments, LLC. Appellees emphasize that to secure these funds, Appellants communicated via email and telephone in Travis County. They further explain that L Investments ultimately became a member of Six Pines through acts occurring in Travis County, including Toby Castellaw travelling to Austin at Appellants' direction to discuss the investment opportunity with L Investments. L Investments executed its assignment of interest in Six Pines in Travis County.

To figure out why Six Pines was faltering financially, Six Pines hired Wes Kern, who worked from Travis County, to investigate and audit Six Pines' financial records, and his review showed that Appellants had misappropriated funds. After being confronted with the results of Kern's review, Epps caused Oak Hill to remove Epps as manager and appoint Kern as his replacement. Kern continued his investigation in Travis County and continued to find evidence of misappropriation of Six Pines funds and evidence of unlawful self-dealing. In June 2018, the members of Six Pines held an all-member meeting in Austin, Texas. Pellegrini and Epps attended and represented that they were going to enter a restructuring agreement that would

2

save Six Pines and allow them to replace money they took from Six Pines. However, Pellegrini and Epps did not repay Six Pines, nor did they resolve the controversy surrounding Six Pines, its management structure, and its treatment of its members' investments. Following the failure of that restitution agreement, Appellees filed the underlying suit to recover the money Appellants misappropriated.[1] Appellants filed a motion to transfer venue. Appellees responded by amending their petition to include more facts favoring Travis County as a proper venue and by filing a response to the motion arguing that the facts supported permissive jurisdiction in Travis County. At the hearing on the motion, the parties discussed, and the district court considered, the general venue provisions of section 15.002 of the Civil Practice and Remedies Code as well as section 15.003's provisions regarding multiple-plaintiff suits. The district court denied the motion to transfer venue. On appeal, Appellants assert that Travis County is not a proper venue under section 15.002(a)(1). *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) (permitting venue "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred").

## ANALYSIS

Interlocutory orders generally are not appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("the general rule . . . is that an appeal may be taken only from a final judgment"); *American Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex. 2000) (determining that, as it existed then, "Section 15.003 is not a venue statute" and concluding that the court of appeals therefore correctly dismissed the appeal for want of jurisdiction); *see also*

---

[1] Appellees asserted claims for breach of fiduciary duty, breach of contract, unjust enrichment, money had and received, fraud, fraudulent inducement, and civil conspiracy, and also sought declaratory relief.

3

Tex. Civ. Prac. & Rem. Code § 15.064(a) ("No interlocutory appeal shall lie from the [trial court's venue] determination."). In 2003, however, the legislature passed HB 4, a major tort reform package, part of which authorized interlocutory appeals from venue rulings involving suits "in which there is more than one plaintiff." Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 7.03, 2003 Tex. Gen. Laws 847, 853 (current version at Tex. Civ. Prac. & Rem. Code § 15.003(a)). As a result, section 15.003 now requires each plaintiff in a multiple-plaintiff suit to "independently establish proper venue." Tex. Civ. Prac. & Rem. Code § 15.003(a). If a plaintiff cannot do so, the plaintiff's portion of the case must be transferred to a county of proper venue or dismissed, unless the plaintiff demonstrates the existence of four elements that we do not address here because they are not dispositive. *Id.* Section 15.003 further provides for an interlocutory appeal of a trial court's determination that "(1) a plaintiff did or did not independently establish proper venue; or (2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)-(4)." *Id.* §15.003(b).

Here, the district court denied the motion to transfer venue after considering the parties' arguments under section 15.003, thus conferring jurisdiction on this Court to determine whether the motion to transfer venue was properly denied. In making this determination, we are mindful that a plaintiff's choice of venue cannot be disturbed as long as the suit is initially filed in a county of proper venue. *Siemens Corp. v. Bartek*, No. 03-04-00613-CV, 2006 Tex. App. LEXIS 3533, at *12-13 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.); *Chiriboga v. State Farm Mut. Auto. Ins.*, 96 S.W.3d 673, 677 (Tex. App.—Austin 2003, no pet.) (citing *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994)). If a defendant objects to the plaintiff's venue choice, the plaintiff must present prima facie proof that venue is maintainable in the county of suit. Tex. R. Civ. P. 86; *Chiriboga*, 96 S.W.3d at 678. The

4

plaintiff's prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof, and the "action must remain in the county of suit if the plaintiff selected a county of proper venue and supported the selection with prima facie proof supporting venue there." *Chiriboga*, 96 S.W.3d at 678. If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer if the defendant has presented prima facie evidence that the county requested is a proper venue. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) (citing Tex. Civ. Prac. & Rem. Code § 15.063).

In ruling on a motion to transfer venue, the trial court must make its decision based on the pleadings and affidavits filed by the parties and must assume the pleadings are true. Tex. R. Civ. P. 87; *Chiriboga*, 96 S.W.3d at 677 n.2. It is improper for a court to transfer the case out of a county of permissive venue selected by the plaintiff if the defendant seeks to transfer venue to another county of permissive venue. *Chiriboga*, 96 S.W.3d at 677.

In considering an interlocutory appeal contesting a venue determination, an appellate court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." Tex. Civ. Prac. & Rem. Code § 15.003(c). We do not review the sufficiency of the evidence supporting a plaintiff's choice of venue. *Chiriboga*, 96 S.W.3d at 677. If there is any probative evidence supporting venue in the county of suit, a transfer should be denied even if the evidence preponderates to the contrary. *Siemens Corp.*, 2006 Tex. App. LEXIS 3533, at *14; *Chiriboga*, 96 S.W.3d at 678; *accord KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied).

5

In this case, no mandatory venue provision applies. The sole question is whether "a substantial part of the events or omissions" occurred in Travis County. Tex. Civ. Prac. & Rem. Code § 15.003(a)(1). In determining whether a substantial part of the events giving rise to Appellees' claims occurred in the Travis County, we must examine the essential elements of their claims. *See Chiriboga*, 96 S.W.3d at 680. To prevail on a fraud claim, a plaintiff must prove (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011). Appellees alleged and provided declarations to establish that a substantial part of the events and omissions giving rise to essential elements of the fraud claim common to all Appellees occurred in Travis County. Appellees presented prima facie evidence that Pellegrini and Epps attended a June 2018 meeting in Austin, at which they represented on behalf of themselves, Pellegrini Interests, Oak Hill, and Lavaca River Operating that they would restructure Six Pines and repay money they took from that company. Appellees allege that Appellants made that representation knowing they would not repay Six Pines. They contend that Appellants' representation and subsequent failure to follow through on that representation provided a basis for Appellees' fraud claim against all Appellants. *See Siemens Corp.*, 2006 Tex. App. LEXIS 3533, at *21-24 (finding venue proper in county where party received misrepresentations); *KW Constr.*, 165 S.W.3d at 882-83 (finding venue proper in county based on a phone call and a mailed check to that county that "connect[ed]" the defendants' actions to two elements of breach of contract). At the same

6

meeting, Pellegrini caused a person named Kate Droll to replace him as the manager of Pellegrini Interests, but he later asserted that he retained the authority to manage Six Pines. Appellees contend this action also established the material misrepresentation element of their fraud claim as to Pellegrini and Pellegrini Interests. *See* Tex. Civ. Prac. & Rem. Code § 15.005 (providing for venue against multiple defendants when claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences"). At some point, Pellegrini also purported to remove Kern, who was based in Travis County, as a manager of Six Pines following Kern's discovery of Appellants' mismanagement of Six Pines. In addition, Appellants sent manager Castellaw to Austin to secure additional funding for Appellants by soliciting an investment from L Investments. Appellees contend that, in doing so, all of the Appellants committed fraud by providing Castellaw with false information about Six Pines knowing that he would share that false information with L Investments and that L Investments would consequently invest in Six Pines. We agree that the events alleged to have occurred in Travis County constitute a substantial part of the events giving rise to Appellees' fraud claim. Each Appellee has therefore established proper venue against Appellants in Travis County as to that claim. Further, because Appellees' remaining claims arise from the same series of transactions or occurrences, the district court has venue to determine all of Appellees' claims. *See id.* ("In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences."); *Union Carbide Corp. v. Loftin*, 256 S.W.3d 869, 874 (Tex. App.—Beaumont 2008, pet. dism'd) (noting in multiple-plaintiff suit that court could maintain venue as to multiple defendants under § 15.005 only if

7

plaintiffs' "claims arose out of the same transaction, occurrence, or series of transactions or occurrences").

## CONCLUSION

Having determined that Travis County is a proper venue, we affirm the district court's order.

_____
Gisela D. Triana, Justice

Before Justices Goodwin, Baker and Triana

Affirmed

Filed: November 22, 2019