**CROWN CENTRAL LLC,
et al, Appellants**

v.

**Patricia and James ANDERSON,
et al, Appellees.**

**No. 09–07–308CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 20, 2007.

Decided Oct. 11, 2007.

Tynan Buthod, and Elizabeth Baker, Baker Botts L.L.P., Jonathan B. Shoebotham, Ricky A. Raven, Thompson & Knight L.L.P., Stan Perry, Marty Thompson, Teresa Tien, Haynes & Boone L.L.P., Houston, Karen L. Spivey, Pate & Spivey, L.L.P., Michael L. Baker, Strong Pipkin Bissell & Ledyard, L.L.P., Beaumont, Jeffrey R. Allen, Larry L. Fowler, Shannon, Gracey, Ratliff & Miller, LLP, Arlington, M.C. Carrington, James G. Martingano, William C. Little, Mehaffy Weber, P.C., Beaumont, Susan A. Carstens, Law Office of Susan A. Carstens, Richard O. Faulk, Jose A. Berlanga, Diana Panian Larson, Gardere Wynne Sewell LLP, Robert G. Smith, Jr., Lorance & Thompson, P.C., James M. Riley, Jr., Stacy K. Yates, Coats, Rose, Yale, Ryman & Lee, P.C., Houston, Gregg R. Brown, Nancy J. Griffin, Stephen P. Bega, Germer Gertz Beaman & Brown, L.L.P., Austin, for appellants.

Daryl L. Moore, Daryl L. Moore, P.C., Lance H. Lubel and J. Robert Black, Heard Robins Cloud & Lubel, LLP, Houston, for appellees.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

This is an accelerated interlocutory appeal of the trial court's finding that each

plaintiff in a multi-plaintiff lawsuit had independently established proper venue in Orange County, Texas. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(b) (Vernon Supp.2006). We reverse the trial court's order finding that plaintiffs' independently established proper venue in Orange County and remand the cause for the trial court to transfer or dismiss plaintiffs' claims and causes of action in accordance with this opinion.

Five plaintiffs, along with their spouses, sued E.I. du Pont de Nemours and Company, Inc. (hereinafter "DuPont") and seventy-one other defendants in Orange County, Texas, for injuries allegedly suffered as a result of benzene exposure. Plaintiffs identified DuPont as a party defendant in their original petition by pleading that DuPont "is a Delaware corporation doing business in the State of Texas with a principal office in Orange County, Texas...." Plaintiffs pled venue facts alleging that "[v]enue is proper because all or a substantial part of the events giving rise to this cause of action occurred in Orange County, Texas and/or one or more defendants maintain a principal office in Texas in Orange County." Several defendants, but not DuPont, filed motions to transfer venue. After a non-evidentiary hearing, the trial court denied the motions and found that "[e]ach plaintiff in this lawsuit has, independent of every other plaintiff, established proper venue in Orange County, Texas[.]" The moving defendants, appellants,[1] filed this accelerated interlocutory appeal of the trial court's order pursuant to section 15.003 of the Texas Civil Practices & Remedies Code. *See id.*

In a suit with multiple plaintiffs, "each plaintiff must, independently of every other plaintiff, establish proper venue." *Id.* § 15.003(a). Plaintiffs rely upon the general venue provisions to establish venue in Orange County, Texas, alleging that venue is proper in the county because all or a substantial part of the events or omissions giving rise to the claim occurred in the county. Plaintiffs also allege Orange County is the county of defendant DuPont's principal office in this state. *See id.* § 15.002(a)(1),(3). As plaintiffs sued multiple defendants, the court would have venue of the other named defendants if all claims or actions of plaintiffs in this suit arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* § 15.005.

If a plaintiff in a multi-plaintiff case cannot independently establish venue, that plaintiff's portion of the suit "must be transferred to a county of proper venue or dismissed" unless that plaintiff, independently of every other plaintiff, establishes that:

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for

---

1. The appellants are defendants Crown Central LLC, Union Carbide Corporation, The Dow Chemical Company, Shell Oil Company, Shell Chemical LP, Chevron U.S.A. Inc., Chevron Phillips Chemical Company LP, Texaco Inc., ConocoPhillips Company, Packaging Service Co., Inc., Solvents & Chemicals, Inc., Lyondell–Citgo Refining LP, Lyondell–Citgo Refining Company, Ltd., Berryman Products, Inc., Curran Paint and Varnish Company, Hess Corporation, Illinois Tool Works Inc., LPS Laboratories, Radiator Specialty Company and Rust–Oleum Corporation.

that plaintiff and all persons against whom the suit is brought.

*Id.* § 15.003(a)(1)-(4). However, plaintiffs have not pled or nor do they rely upon any of these factors to support venue in this action.

Section 15.003(b) allows an interlocutory appeal to be taken of a trial court's determination under subsection (a) that a plaintiff did or did not independently establish proper venue, or did or did not establish subsections (a)(1)-(4). *Id.* § 15.003(b)(1)-(2). Pursuant to section 15.003(c)(1), an appellate court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *Id.* § 15.003(c)(1).

■ In general, plaintiffs are allowed to choose venue first, and the plaintiff's choice of venue cannot be disturbed as long as the suit is initially filed in a county of proper venue. *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.,* 165 S.W.3d 874, 879 (Tex.App.-Texarkana 2005, pet. denied); *Chiriboga v. State Farm Mut. Auto. Ins. Co.,* 96 S.W.3d 673, 678 (Tex.App.-Austin 2003, no pet.). A trial court must consider all venue facts pled by the plaintiff as true unless they are specifically denied by an adverse party. *See* Tex.R. Civ. P. 87(3)(a). Once an adverse party specifically denies venue facts, the plaintiff must then respond with prima facie proof of that venue fact. *Id.* "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.*

Appellants contend the trial court erred in determining each plaintiff established proper venue when the plaintiffs failed to properly plead or present any evidence to support a finding that venue was proper in Orange County, Texas. Appellants assert they specifically denied all of plaintiffs' venue allegations, and that the plaintiffs failed to present prima facie proof that: "(a) all or a substantial part of the events giving rise to this cause of action occurred in Orange County, Texas; (b) each Plaintiff has an independent claim against Du-Pont; or (c) each Plaintiff's claim against DuPont arises out of the same transaction or occurrence as the allegations against these Defendants."

■ We must first decide if venue can be maintained in Orange County under the general venue provision that all or a substantial part of the events giving rise to plaintiffs' cause of action occurred in Orange County, Texas. Because all but two of the appellants, Packaging Service Co., Inc. and Solvents & Chemicals, Inc., specifically denied this venue fact, the burden shifted to the plaintiffs to present prima facie proof of these venue facts. *See* Tex.R. Civ. P. 87(2)(a), 3(a); *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 260–61 (Tex.1994). Appellees provided no facts in their petition to support this allegation nor have they provided any affidavit or attachments supporting their allegation that all or a substantial part of the events giving rise to appellees' causes of action occurred in Orange County, Texas. Therefore, Appellees failed to meet their burden to establish venue based on this venue allegation. *See* Tex.R. Civ. P. 87(2)(a), (3)(a). Venue is not proper under section 15.002(a)(1) as to those defendants who specifically denied the venue allegations.

■ The only other basis appellees alleged for venue in Orange County was that one of the defendants, DuPont, has a principal place of business in Orange County. *See* Tex. Civ. Prac. & Rem.Code

ANN. § 15.002(a)(3). Appellees maintain that no appellant sufficiently denied that DuPont maintained a principal office in Orange County, Texas, and therefore, the burden never shifted to appellees to produce prima facie evidence establishing proper venue in Orange County, Texas. While appellees presented an affidavit and attachments in support of the venue allegation that DuPont maintained a principal office in Orange County, Texas, appellants assert that whether DuPont maintains a principal office in Orange County is not determinative, because plaintiffs have sued multiple defendants in the same lawsuit and the court cannot maintain venue as to all other named defendants unless plaintiffs allege and show by prima facie evidence that their claims arose out of the same transaction, occurrence, or series of transactions or occurrences. TEX. CIV. PRAC. & REM.CODE ANN. § 15.005. Although appellees state in their response to the appellants' motions to transfer venue that their claims arose out of the same transaction, occurrence, or series of transactions or occurrences because the appellees suffer from indivisible injuries, appellees neither pled facts nor offered any prima facie proof supporting this contention. *See id.;* TEX.R. CIV. P. 87(2)(a),(3)(a). Because these venue facts were not pled in plaintiffs' original petition, plaintiffs could not rely upon this as a basis for the court's exercise of venue. The trial court erred in concluding that appellees independently established venue in Orange County. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(b)(1), (c)(1).

■ When a proper motion to transfer has been filed, the burden is on the plaintiff to prove that venue is maintainable in the county where suit is pending. TEX.R. CIV. P. 87(2)(a). If the plaintiff files suit in a county where venue is not proper, the plaintiff then waives the right to choose and the defendant may have the suit transferred to a proper venue. *Wilson,* 886 S.W.2d at 260 (citing *Tieuel v. Southern Pac. Transp. Co.,* 654 S.W.2d 771, 775 (Tex.App.-Houston [14th Dist.] 1983, no writ)). Because appellants Dow Chemical Company, Shell Oil Company, and Shell Chemical LP, filed proper motions and prima facie evidence to transfer venue to Harris County as a county of proper venue, the trial court must transfer all of appellees' claims and causes of action against these appellants to Harris County. Berryman Products, Inc. properly sought to transfer appellees' claims and causes of action against Berryman to Tarrant County and presented prima facie proof that venue was proper as to Berryman in Tarrant County. The trial court must transfer all of appellees' claims and causes of action against Berryman Products, Inc. to Tarrant County. Although appellees did not independently establish venue in Orange County, Texas, against Crown Central LLC, Union Carbide Corporation, Chevron Phillips Chemical Company LP, Texaco Inc., ConocoPhillips Company, Lyondell–Citgo Refining LP, Lyondell–Citgo Refining Company, Ltd., Curran Paint and Varnish Company, Hess Corporation, Illinois Tool Works Inc., LPS Laboratories, Radiator Specialty Company, and Rust–Oleum Corporation, the record is insufficient to establish a county of proper venue as to these appellants. However, TEX. CIV. PRAC. & REM.CODE § 15.003(a) provides that "[i]f a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, *must* be transferred to a county of proper venue or dismissed, as is appropriate." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)(emphasis added). The trial court may direct the parties to make further venue proof to support transfer, or dismiss the claims and causes of action, as

is appropriate.[2] *Id.; see also* Tᴇx.R. Cɪv. P. 87(d). Finally, with regard to Packaging Service Co., Inc. and Solvents & Chemicals, Inc., these appellants failed to specifically deny plaintiffs' venue facts and therefore, those motions to transfer venue were properly denied. We reverse the trial court's order finding that plaintiffs independently established proper venue in Orange County and remand the cause for the trial court to transfer appellees' claims and causes of action or dismiss in accordance with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

2. We do not imply that evidence shall be reopened for the plaintiffs to produce further evidence to attempt to independently establish venue in Orange County, Texas, with respect to these remaining appellants.