In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-061 CV


____________________



UNION CARBIDE CORPORATION, ET AL., Appellants



V.



JACK LOFTIN, ET AL., Appellees






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause Nos. A-070037-C; AC; BC; CC; DC; EC






OPINION


 

 This is an accelerated interlocutory appeal from the trial court's ruling denying the
defendants' motions to transfer venue in a multi-plaintiff case. See Tex. Civ. Prac. & Rem.
Code Ann. § 15.003(b) (Vernon Supp. 2007). Pursuant to section 15.003(c)(1), we must
"determine whether the trial court's order is proper based on an independent determination
from the record and not under either an abuse of discretion or substantial evidence standard." 
Id. § 15.003(c)(1). We affirm in part and reverse and remand in part.

 Six plaintiffs, some of whose spouses also joined as plaintiffs, sued Union Carbide
Corporation and ninety-nine other defendants in Orange County, Texas, for injuries allegedly
suffered as a result of exposure to "dangerous levels of toxic and carcinogenic chemicals and
substances, including but not limited to benzene, benzene-containing products, naptha,
mineral spirits, petroleum distillates, methyl ethyl ketone, solvents, paints, primers, coatings,
paint thinners, toluene and xylene. . . ." (1) The plaintiffs claimed that they suffer from
myelodysplastic syndrome, acute myelogenous leukemia, and non-Hodgkin's lymphoma. 
The plaintiffs named E.I. DuPont de Nemours and Company, Inc. ("DuPont") as a defendant,
and they pled that DuPont "is a Delaware corporation doing business in the State of Texas
with a principal office in Orange County, Texas[.]" Numerous defendants filed motions to
transfer venue, but DuPont did not. Plaintiffs alleged that "[v]enue is proper because all or
a substantial part of the events giving rise to this cause of action occurred in Orange County,
Texas and/or one or more defendants maintain a principal office in Texas in Orange County." 

 Plaintiffs subsequently filed a "Motion to Sever and Motion to Consolidate," in which
they asked the court to sever each plaintiff's claims into a separate proceeding, but to
consolidate the cases "for pre-trial discovery purposes only[.]" The trial court granted the
motion. (2) After conducting a non-evidentiary hearing, the trial court denied the motions to
transfer venue as to each plaintiff. The moving defendants then filed this accelerated
interlocutory appeal pursuant to section 15.003 of the Texas Civil Practice and Remedies
Code. (3) See id. § 15.003. The defendants-appellants filed a single appeal of the venue orders
that pertain to each of the plaintiffs' individual severed cases, and the plaintiffs-appellees
filed a joint brief in response.

 In a suit with multiple plaintiffs, "each plaintiff must, independently of every other
plaintiff, establish proper venue." Id. § 15.003(a). Plaintiffs rely upon the general venue
statute, which provides that suit shall be brought in the county where all or a substantial part
of the events or omissions giving rise to the claim occurred or in the county where the
defendant's principal office is located. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1),
(3) (Vernon 2002). Plaintiffs allege that DuPont's principal office is located in Orange
County, and they also contend that all or a substantial part of the events giving rise to their
cause of action occurred in Orange County, Texas. Specifically, plaintiffs contend that
because they sued multiple defendants, the trial court would have venue of the other named
defendants if all of plaintiffs' claims arise out of the same transaction, occurrence, or series
of transactions or occurrences; however, the plaintiffs did not plead this alleged venue fact
in their original petition, nor do they adequately plead facts to demonstrate that their claims
against DuPont were factually part of the same or similar transaction or occurrence. See id.
§ 15.005.

 If a plaintiff in a multi-plaintiff case cannot independently establish venue, that
plaintiff's portion of the suit

 must be transferred to a county of proper venue or dismissed . . . unless that
plaintiff, independently of every other plaintiff, establishes that:


 (1) joinder of that plaintiff or intervention in the suit by that plaintiff is
proper under the Texas Rules of Civil Procedure;


 (2) maintaining venue as to that plaintiff in the county of suit does not
unfairly prejudice another party to the suit;


 (3) there is an essential need to have that plaintiff's claim tried in the
county in which the suit is pending; and


 (4) the county in which the suit is pending is a fair and convenient venue
for that plaintiff and all persons against whom the suit is brought.


Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a)(1)-(4) (Vernon Supp. 2007). In this case,
the plaintiffs did not plead nor do they rely upon any of these factors to support venue.

 The plaintiff is generally permitted to choose venue first, and the plaintiff's choice of
venue cannot be disturbed if the suit is initially filed in a county of proper venue. KW
Constr. v. Stephens & Sons Concrete Contractors, Inc., 165 S.W.3d 874, 879 (Tex. App.--Texarkana 2005, pet. denied); Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673,
678 (Tex. App.--Austin 2003, no pet.). A trial court must consider all venue facts properly
pled by the plaintiff as true unless they are specifically denied by an adverse party. See Tex.
R. Civ. P. 87(3)(a); see also Tex. R. Civ. P. 45(a) ("pleadings in the district and county courts
shall be by petition and answer[.]"). Once an adverse party specifically denies venue facts,
the plaintiff must then respond with prima facie proof of that venue fact. Id. "Prima facie
proof is made when the venue facts are properly pleaded and an affidavit, and any duly
proved attachments to the affidavit, are filed fully and specifically setting forth the facts
supporting such pleading." Id.

 Appellants contend the trial court erred in determining that each plaintiff established
proper venue when the plaintiffs failed to properly plead or present any evidence,
independently of each other, to support a finding that venue was proper in Orange County,
Texas. Appellants also assert that they specifically denied plaintiffs' venue allegations, and
that plaintiffs failed to present prima facie proof "(a) that all or a substantial part of the
events or omissions giving rise to each of the Plaintiffs' claims occurred in Orange County,
Texas; or (b) that each separate Plaintiff has an independent claim against DuPont, the party
whom Plaintiffs allege maintains a principal office in Orange County, and that [(c)] each
Plaintiff's claims against DuPont arise out of the same series of transactions or occurrences
that give rise to Plaintiffs' alleged claims" against appellees.

 We turn first to the question of whether venue can be maintained in Orange County
under plaintiffs' allegation that all or a substantial part of the events giving rise to their cause
of action occurred there. All of the appellants who timely filed motions to transfer venue
specifically denied this allegation; therefore, the burden shifted to the plaintiffs to present
prima facie proof of these venue facts. See Tex. R. Civ. P. 87(2)(a), 3(a); Wilson v. Tex.
Parks & Wildlife Dep't, 886 S.W.2d 259, 260-61 (Tex. 1994). In their brief, appellees
contend that "[e]ach plaintiff alleged and offered prima-facie proof of a disease caused by
cumulative exposures to defendants' benzene containing products, which resulted in each
plaintiff's suffering an indivisible injury that arose out of the same transaction, occurrence,
or series of transactions or occurrences." However, appellees provided no facts or legal
authorities in their petition to support this allegation, nor did they provide any affidavit or
attachments supporting their same transaction or occurrence theory now asserted on appeal. 
In addition, as previously discussed, the plaintiffs did not adequately plead this alleged venue
fact in their original petition. See Tex. R. Civ. P. 45(a); 87(3)(a); see also In re Tex. Dep't
of Transp., 218 S.W.3d 74, 78 (Tex. 2007). Because plaintiffs failed to meet their burden
to establish venue on this basis, venue is not proper under section 15.002(a)(1). See Tex.
Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (Vernon 2002); Crown Central LLC v.
Anderson, 239 S.W.3d 385, 388 (Tex. App.--Beaumont 2007, pet. filed).

 Appellees' only other alleged basis for maintaining venue in Orange County is that
DuPont has a principal place of business there. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.002(a)(3). However, because plaintiffs have sued multiple defendants, the court
cannot maintain venue as to all of the other named defendants unless plaintiffs' claims arose
out of the same transaction, occurrence, or series of transactions or occurrences. See
id. § 15.005. Although appellees stated in their response to the appellants' motions to
transfer venue that their claims arose out of the same transaction, occurrence, or series of
transactions or occurrences because appellees suffer from indivisible injuries, they neither
pled adequate facts nor alleged their same transaction or occurrence claim in their petition. 
See id.; Tex. R. Civ. P. 45, 87(2)(a), (3)(a). Therefore, the trial court erred in concluding that
plaintiffs independently established venue in Orange County. See Tex. Civ. Prac. & Rem.
Code Ann. § 15.003(b)(1), (c)(1).

 If the plaintiff files suit in a county where venue is not proper, the plaintiff waives the
right to choose the venue, and the defendant may have the suit transferred to a proper venue. 
Wilson, 886 S.W.2d at 260 (citing Tieuel v. Southern Pac. Transp. Co., 654 S.W.2d 771, 775
(Tex. App.--Houston [14th Dist.] 1983, no writ)). Because defendants ConocoPhillips
Company, Shell Chemical LP, Shell Oil Company, Lyondell-Citgo Refining LP n/k/a
Houston Refining LP, El Paso Corporation, El Paso CGP Company, and El Paso Merchant
Energy-Petroleum Company filed proper motions to transfer venue and provided prima facie
evidence supporting a transfer of venue to Harris County as a county of proper venue, the
trial court must transfer all of plaintiffs' claims and causes of action against these defendants
to Harris County, Texas. Berryman Products, Inc. filed a proper motion to transfer venue and
provided prima facie evidence supporting a transfer of venue to Tarrant County. Therefore,
the trial court must transfer all of plaintiffs' claims and causes of action against Berryman
Products, Inc. to Tarrant County, Texas. Celanese Americas Corporation, Celanese
International Corporation, Celanese Ltd., and CNA Holdings, Inc. filed a proper motion to
transfer venue and provided prima facie evidence supporting a transfer of venue to Dallas
County. Accordingly, the trial court must transfer all of plaintiffs' claims and causes of
action against those defendants to Dallas County, Texas. Safety-Kleen Systems, Inc. filed
a proper motion to transfer venue and provided prima facie evidence supporting a transfer
of venue to Collin County, Texas. Accordingly, the trial court must transfer all of plaintiffs'
claims and causes of action against Safety-Kleen Systems, Inc. to Collin County, Texas. 3M
Company filed a proper motion to transfer venue and provided prima facie evidence
supporting a transfer of venue to Travis County, Texas. Therefore, the trial court must
transfer all of plaintiffs' claims and causes of action against 3M Company to Travis County,
Texas.

 The record reflects that the first pleading filed by both Samuel Bingham Enterprises,
Inc. and Thompson Supply, Inc. was an original answer, which was not filed
contemporaneously with a motion to transfer venue. "An objection to improper venue is
waived if not made by written motion filed prior to or concurrently with any other plea,
pleading[,] or motion except a special appearance motion provided for in Rule 120a." Tex.
R. Civ. P. 86(1). Therefore, Samuel Bingham Enterprises, Inc. and Thompson Supply, Inc.
have waived their venue objections. See id. Accordingly, we affirm the trial court's
judgment as to Samuel Bingham Enterprises, Inc. and Thompson Supply, Inc.

 Although plaintiffs did not independently establish venue in Orange County against
BASF Corporation, Chevron Phillips Chemical Company LP, Chevron U.S.A., Inc., Texaco,
Inc., CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P.,
Citiplate, Inc., CRC Industries, Inc., Day International, Inc., Varn International, Inc.,
Eastman Kodak Company, Flint Group North American Corporation, Hurst Chemical
Company, LPS Laboratories, A Division of Illinois Tool Works, Inc., Radiator Specialty
Company, Rust-Oleum Corporation, Sears, Roebuck & Co., Southwestern Refining 
Company, Inc., and Union Carbide Corporation, the record is insufficient to establish a
county of proper venue as to these appellants. Section 15.003(a) of the Civil Practice and
Remedies Code provides that "[i]f a plaintiff cannot independently establish proper venue,
that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action,
must be transferred to a county of proper venue or dismissed, as is appropriate." Tex. Civ.
Prac. & Rem. Code Ann. § 15.003(a) (Vernon Supp. 2007) (emphasis added). The trial
court may direct the parties to make further venue proof to support transfer, or dismiss the
claims and causes of action, as is appropriate. (4) See id.; see also Tex. R. Civ. P. 87(d); Crown
Central LLC, 239 S.W.3d at 389-90. As to Samuel Bingham Enterprises, Inc. and Thompson
Supply, Inc., we affirm the trial court's judgment. With respect to all other appellants, we
reverse the trial court's orders and remand each of the six severed causes for the trial court
to either transfer appellees' claims and causes of action or dismiss them in accordance with
this opinion. (5)

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.




 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on June 6, 2008

Opinion Delivered June 12, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.

1. The plaintiffs are Jack and Glenda Loftin, Jerry and Shirley Dowdy, Leo and
Beatrice Sandoval, Larry Cameron, Gerald and Deborah Diaz, and Kay Morris (individually
and as personal representative of the estate of Glenn Richard Morris, deceased, and as next
friend of Michael Morris and Matthew Morris).
2. The appellants contend that the severance does not deprive this Court of jurisdiction. 
Because section 15.003 provides an interlocutory appeal in lawsuits "begun by more than one
plaintiff[,]" we find that we have jurisdiction of this interlocutory appeal. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.003(a), (b).
3. The appellants are BASF Corporation, Berryman Products, Inc., Celanese Americas
Corporation, Celanese International Corporation, Celanese Ltd., Chevron U.S.A., Inc.,
Chevron Phillips Chemical Company LP, CITGO Petroleum Corporation, CITGO Refining
and Chemicals Company L.P., Citiplate, Inc., CNA Holdings, Inc., ConocoPhillips Company,
CRC Industries, Inc., Day International, Inc., Eastman Kodak Company, El Paso
Corporation, El Paso CGP Company, El Paso Merchant Energy-Petroleum Company, Flint
Group North American Corporation, Hurst Chemical Company, LPS Laboratories, A
Division of Illinois Tool Works, Inc., Lyondell-Citgo Refining LP n/k/a Houston Refining
LP, Radiator Specialty Company, Rust-Oleum Corporation, Safety-Kleen Systems, Inc.,
Samuel Bingham Enterprises, Inc., Sears, Roebuck & Co., Shell Chemical LP, Shell Oil
Company, Southwestern Refining Company, Inc., Texaco, Inc., Thompson Supply, Inc., 3M
Company, Union Carbide Corporation, and Varn International, Inc. On May 20, 2008, INX
International Ink Company filed a joinder to a notice of appeal filed by Chevron Phillips
Chemical Company, LP; however, because INX International Ink Company did not perfect
appeal within the time permitted by the Rules of Appellate Procedure, that party is not an
appellant before this Court. See Tex. R. App. P. 26.1(d); Tex. R. App. P. 26.3. 
4. We do not imply that evidence shall be re-opened for the plaintiffs to produce further
evidence to attempt to independently establish venue in Orange County with respect to these
remaining appellants.
5. Appellant Lyondell-Citgo Refining LP n/k/a Houston Refining LP ("Lyondell-Citgo") moved to dismiss its appeal as to plaintiffs-appellees Leo and Beatrice Sandoval
only, and we issued an opinion dismissing Lyondell-Citgo's appeal as to Leo and Beatrice
Sandoval only. See Union Carbide Corporation v. Loftin, No. 09-08-061 CV, 2008 WL
2229853 (Tex. App.--Beaumont May 29, 2008, no pet. h.). In addition, Celanese Americas
Corporation, Celanese International Corporation, Celanese Ltd., and CNA Holdings, Inc.
("the Celanese entities) moved to dismiss their appeal as to Gerald and Deborah Diaz only,
and we issued an opinion dismissing the Celanese entities' appeal as to Gerald and Deborah
Diaz only. See Union Carbide Corporation v. Loftin, No. 09-08-061 CV, 2008 WL 2277497 
(Tex. App.--Beaumont June 5, 2008, no pet. h.). Accordingly, this opinion does not disturb
the venue ruling made in the Sandovals' case as to Lyondell-Citgo Refining LP n/k/a
Houston Refining LP and in the Diazes' case as to the Celanese entities.