In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-062 CV


____________________



SHELL OIL COMPANY, ET AL., Appellants



V.



PAWEL A. BARAN, ET AL., Appellees






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause Nos. A-070085-C; AC; BC; CC; DC; EC 






MEMORANDUM TO CLERK


 You are directed to make the following correction in the Opinion dated June 12, 2008:

 On page 6, the second line from the top, the last word "appellees" should be changed
to "appellants."

 You will give notice of this correction in the original Opinion by sending a copy of
the corrected page accompanied by this memorandum to all interested parties who received
a copy of the original Opinion.

 Entered this the 29th day of August, 2008.

 PER CURIAM


In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-062 CV


____________________



SHELL OIL COMPANY, ET AL., Appellants



V.



PAWEL A. BARAN, ET AL., Appellees






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause Nos. A-070085-C; AC; BC; CC; DC; EC 






OPINION



 This is an accelerated interlocutory appeal from the trial court's ruling denying the
defendants' motions to transfer venue in a multi-plaintiff lawsuit. See Tex. Civ. Prac. &
Rem. Code Ann. § 15.003(b) (Vernon Supp. 2007). Pursuant to section 15.003(c)(1), we
must "determine whether the trial court's order is proper based on an independent
determination from the record and not under either an abuse of discretion or substantial
evidence standard." Id. § 15.003(c)(1). We reverse and remand.


 Six plaintiffs, some of whose spouses also joined as plaintiffs, sued CRC Industries,
Inc. and forty-two other defendants in Orange County, Texas, for injuries allegedly suffered
as a result of exposure to "dangerous levels of toxic and carcinogenic chemicals and
substances, including but not limited to benzene, benzene-containing products, naptha,
mineral spirits, petroleum distillates, methyl ethyl ketone, solvents, paints, primers, coatings,
paint thinners, toluene and xylene. . . ." (1) The plaintiffs claimed that they suffer from
myelodysplastic syndrome, acute myelogenous leukemia, and non-Hodgkin's lymphoma. 
The plaintiffs named E.I. DuPont de Nemours and Company, Inc. ("DuPont") as a defendant,
and they pled that DuPont "is a Delaware corporation doing business in the State of Texas
with a principal office in Orange County, Texas[.]" Several defendants filed motions to
transfer venue, but DuPont did not. Plaintiffs alleged that "[v]enue is proper because all or
a substantial part of the events giving rise to this cause of action occurred in Orange County,
Texas and/or one or more defendants maintain a principal office in Texas in Orange County." 

 Plaintiffs subsequently filed a "Motion to Sever and Motion to Consolidate," in which
they asked the court to sever each plaintiff's claims into a separate proceeding, but to
consolidate the cases "for pre-trial discovery purposes only[.]" The trial court granted the 

motion. (2) After conducting a non-evidentiary hearing, the trial court denied the motions to
transfer venue as to each plaintiff. The moving defendants then filed this accelerated
interlocutory appeal pursuant to section 15.003 of the Texas Civil Practice and Remedies
Code. (3) See id. § 15.003. The defendants-appellants filed a single appeal of the venue orders
that pertain to each of the plaintiffs' individual severed cases, and the plaintiffs-appellees
filed a joint brief in response.

 In a suit with multiple plaintiffs, "each plaintiff must, independently of every other
plaintiff, establish proper venue." Id. § 15.003(a). Plaintiffs rely upon the general venue
statute, which provides that suit shall be brought in the county where all or a substantial part
of the events or omissions giving rise to the claim occurred or in the county where the
defendant's principal office is located. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1),
(3) (Vernon 2002). Plaintiffs allege that DuPont's principal office is located in Orange
County, and they also contend that all or a substantial part of the events giving rise to their 


cause of action occurred in Orange County, Texas. Plaintiffs contend that because they sued
multiple defendants, the trial court would have venue of the other named defendants if all of
plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or
occurrences; however, the plaintiffs did not plead this alleged venue fact in their original
petition, nor do they adequately plead facts to demonstrate that their claims against DuPont
were factually part of the same or similar transaction or occurrence. See id. § 15.005.

 If a plaintiff in a multi-plaintiff case cannot independently establish venue, that
plaintiff's portion of the suit 

 must be transferred to a county of proper venue or dismissed . . . unless that
plaintiff, independently of every other plaintiff, establishes that:


 (1) joinder of that plaintiff or intervention in the suit by that plaintiff is
proper under the Texas Rules of Civil Procedure;


 (2) maintaining venue as to that plaintiff in the county of suit does not
unfairly prejudice another party to the suit;


 (3) there is an essential need to have that plaintiff's claim tried in the
county in which the suit is pending; and


 (4) the county in which the suit is pending is a fair and convenient venue
for that plaintiff and all persons against whom the suit is brought.


Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a)(1)-(4) (Vernon Supp. 2007). In this case,
the plaintiffs did not plead nor do they rely upon any of these factors to support venue. The plaintiff is generally permitted to choose venue first, and the plaintiff's choice of 


venue cannot be disturbed if the suit is initially filed in a county of proper venue. KW
Constr. v. Stephens & Sons Concrete Contractors, Inc., 165 S.W.3d 874, 879 (Tex. App.--Texarkana 2005, pet. denied); Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673,
678 (Tex. App.--Austin 2003, no pet.). A trial court must consider all venue facts properly
pled by the plaintiff as true unless they are specifically denied by an adverse party. See Tex.
R. Civ. P. 87(3)(a); see also Tex. R. Civ. P. 45(a) ("pleadings in the district and county courts
shall be by petition and answer[.]"). Once an adverse party specifically denies venue facts,
the plaintiff must then respond with prima facie proof of that venue fact. Id. "Prima facie
proof is made when the venue facts are properly pleaded and an affidavit, and any duly
proved attachments to the affidavit, are filed fully and specifically setting forth the facts
supporting such pleading." Id.

 Appellants contend the trial court erred in determining that each plaintiff established
proper venue when the plaintiffs failed to properly plead or present any evidence,
independently of each other, to support a finding that venue was proper in Orange County,
Texas. Appellants also assert that they specifically denied plaintiffs' venue allegations, and
that plaintiffs failed to present prima facie proof "(a) that all or a substantial part of the
events or omissions giving rise to each of the Plaintiffs' claims occurred in Orange County,
Texas; or (b) that each separate Plaintiff has an independent claim against DuPont, the party
whom Plaintiffs allege maintains a principal office in Orange County, and that [(c)] each 


Plaintiff's claims against DuPont arise out of the same series of transactions or occurrences
that give rise to Plaintiffs' alleged claims" against appellants.

 We turn first to the question of whether venue can be maintained in Orange County
under plaintiffs' allegation that all or a substantial part of the events giving rise to their cause
of action occurred in Orange County, Texas. All of the appellants specifically denied this
allegation of venue; therefore, the burden shifted to the plaintiffs. See Tex. R. Civ. P.
87(2)(a), 3(a); Wilson v. Tex. Parks & Wildlife Dep't, 886 S.W.2d 259, 260-61 (Tex. 1994). 
In their brief, appellees contend that "[e]ach plaintiff alleged and offered prima-facie proof
of a disease caused by cumulative exposures to defendants' benzene containing products,
which resulted in each plaintiff's suffering an indivisible injury that arose out of the same
transaction, occurrence, or series of transactions or occurrences." However, appellees
provided no facts or legal authorities in their petition to support this allegation, nor did they
provide any affidavit or attachments supporting their same transaction or occurrence theory
now asserted on appeal. In addition, as previously discussed, the plaintiffs did not plead this
alleged venue fact in their original petition. See Tex. R. Civ. P. 45(a); 87(3)(a); see also In
re Tex. Dep't of Transp., 218 S.W.3d 74, 78 (Tex. 2007). Because plaintiffs failed to meet
their burden to establish venue on this basis, venue is not proper under section 15.002(a)(1). 
See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (Vernon 2002); Crown Central
LLC v. Anderson, 239 S.W.3d 385, 388 (Tex. App.--Beaumont 2007, pet. filed).


 Appellees' only other alleged basis for maintaining venue in Orange County is that
DuPont has a principal place of business there. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.002(a)(3). However, because plaintiffs have sued multiple defendants, the court
cannot maintain venue as to all of the other named defendants unless plaintiffs' claims arose
out of the same transaction, occurrence, or series of transactions or occurrences. See
id. § 15.005. Although appellees stated in their response to the appellants' motions to
transfer venue that their claims arose out of the same transaction, occurrence, or series of
transactions or occurrences because appellees suffer from indivisible injuries, they neither
pled adequate facts nor alleged their same transaction or occurrence claim in their petition. 
See id.; Tex. R. Civ. P. 45, 87(2)(a), (3)(a). Therefore, the trial court erred in concluding 
that plaintiffs independently established venue in Orange County. See Tex. Civ. Prac. 
& Rem. Code Ann. § 15.003(b)(1), (c)(1).

 If the plaintiff files suit in a county where venue is not proper, the plaintiff waives the
right to choose the venue, and the defendant may have the suit transferred to a proper venue. 
Wilson, 886 S.W.2d at 260 (citing Tieuel v. Southern Pac. Transp. Co., 654 S.W.2d 771, 775
(Tex. App.--Houston [14th Dist.] 1983, no writ)). Because defendants ConocoPhillips
Company, Shell Chemical LP, Shell Oil Company, and Lyondell-Citgo Refining LP n/k/a
Houston Refining LP filed proper motions to transfer venue and provided prima facie
evidence supporting a transfer of venue to Harris County as a county of proper venue, the 


trial court must transfer all of plaintiffs' claims and causes of action against these defendants
to Harris County, Texas. Berryman Products, Inc. filed a proper motion to transfer venue and
provided prima facie evidence supporting a transfer of venue to Tarrant County. Therefore,
the trial court must transfer all of plaintiffs' claims and causes of action against Berryman
Products, Inc. to Tarrant County, Texas. Safety-Kleen Systems, Inc. filed a proper motion
to transfer venue and provided prima facie evidence supporting a transfer of venue to Collin
County, Texas. Accordingly, the trial court must transfer all of plaintiffs' claims and causes
of action against Safety-Kleen Systems, Inc. to Collin County, Texas.

 Although plaintiffs did not independently establish venue in Orange County against
CRC Industries, Inc., ChevronPhillips Chemical Company, Chevron U.S.A., Inc., Radiator
Specialty Company, Rust-Oleum Corporation, Texaco, Inc., and Zinsser Co., Inc., the record
is insufficient to establish a county of proper venue as to these appellants. Section 15.003(a)
of the Civil Practice and Remedies Code provides that "[i]f a plaintiff cannot independently
establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims
and causes of action, must be transferred to a county of proper venue or dismissed, as is
appropriate." Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (Vernon Supp. 2007)
(emphasis added). The trial court may direct the parties to make further venue proof to 


support transfer, or dismiss the claims and causes of action, as is appropriate. (4) See id.; see
also Tex. R. Civ. P. 87(d); Crown Central LLC, 239 S.W.3d at 389-90. We reverse the trial
court's orders and remand each of the six severed causes for the trial court to transfer
appellees' claims and causes of action or dismiss them in accordance with this opinion. (5)

 REVERSED AND REMANDED.



 

 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on June 6, 2008

Opinion Delivered June 12, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The plaintiffs are Pawel A. and Nina Baran, Elizabeth Good, John M. and Carol Ann
Barker, Michael and Jeannette Rowell, Roger and Linda Jackson, and Raymond B. Fisher,
II.
2. The appellants contend that the severance does not deprive this Court of jurisdiction. 
Because section 15.003 provides an interlocutory appeal in lawsuits "begun by more than one
plaintiff[,]" we find that we have jurisdiction of this interlocutory appeal. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.003(a), (b).
3. The appellants are Berryman Products, Inc., ChevronPhillips Chemical Company,
Chevron U.S.A., Inc., ConocoPhillips Company, CRC Industries, Inc., Lyondell-Citgo
Refining LP n/k/a Houston Refining LP, Radiator Specialty Company, Rust-Oleum
Corporation, Safety-Kleen Systems, Inc., Shell Chemical LP, Shell Oil Company, Texaco,
Inc., and Zinsser Co., Inc.
4. We do not imply that evidence shall be re-opened for the plaintiffs to produce further
evidence to attempt to independently establish venue in Orange County with respect to these
remaining appellants.
5. Appellants CRC Industries, Inc. and Radiator Specialty Company moved to dismiss
their appeal as to plaintiff-appellee Raymond B. Fisher, II only, and we issued an opinion
dismissing those appellants' appeal as to Raymond B. Fisher, II only. See Shell Oil Co. v.
Baran, No. 09-08-062 CV, 2008 WL 1970901 (Tex. App.--Beaumont May 8, 2008, no pet.
h.). Accordingly, this opinion does not disturb the venue ruling made in Fisher's case as to
CRC Industries, Inc. and Radiator Specialty Company.